John 0. Boylan, 8.
In this proceeding for the appointment of an administrator two petitions were filed. One was by Frank Knowlton, a resident of Oakland, California, and the other by Albert K. Buhl, a resident of Richmond County, New York. Both petitioners have an equal right to administration and each requests the grant of letters to him. Since both applicants are in the same class the appointment is in the discretion of the Surrogate. Section 118 of the Surrogate’s Court Act provides in part that “ If several persons have an equal right to administration, * * * that person must be appointed, who will, in *532 the judgment of the surrogate, best manage the estate of the intestate In the ease at bar there is an apparent hostility between the two petitioners.
The decedent died a resident of Richmond County and left her surviving as her distributees, six nephews, three nieces, four grandnieces, children of a predeceased niece, and two grandnephews and a grandniece, children of another predeceased niece.
In the five years preceding her death, Frank B. Knowlton visited his aunt about three times while Albert K. Buhl visited her regularly.
Shortly after the death of his aunt, Albert K. Buhl had padlocks placed on her residence and then obtained an order of this court permitting a search of the premises in the presence of a representative of the State Tax Commission. In addition to assets already declared in the sum of $300,000 there was found during the search approximately $275,000 in cash and about $25,000 worth of securities.
One of the other nephews and the children of one of the predeceased nieces consented to the appointment of Frank B. Knowlton. The remaining six nephews and nieces and the children of the other predeceased niece consented to the appointment of Albert K. Buhl. This means that Albert K. Buhl is the selection of the distributees having an eight-elevenths share of the estate while Frank B. Knowlton is the selection of the distributees representing a three-elevenths share.
In Matter of Samuels (204 Misc. 842) the court said, “ Matter of Eggsware (123 Misc. 548), stands for the proposition that where there is an apparent hostility between persons in the same class of priority for appointment and they have been unable to agree as to an appointment, as here, the Surrogate may not, by reason thereof, appoint a stranger, but will appoint the one requested by a majority of the distributees who represent the larger share of the estate ”.
The petitioner, Knowlton, suggested he be appointed together with the Staten Island National Bank and Trust Company. This could be done by the Surrogate pursuant to section 118 of the Surrogate’s Court Act but the Surrogate is of the opinion that this procedure is not necessary in view of the nature of the assets and also in view of the bond which will be fixed in the amount of at least $600,000. The court has considered that the commissions would amount to twice as much to say nothing regarding the fees of an additional attorney.
It appears that Albert K. Buhl is the choice of the majority of the distributees but regardless of such majority, the court, *533 in view of all of the competent and material evidence adduced at the hearing, chooses to exercise its discretion in favor of Albert K. Buhl as being the better choice to administer the affairs of the estate. (Surrogate’s Ct. Act, § 118.)
Leonia Frucht French claimed to be a daughter of Emma De Hart. Because of her testimony the court would not appoint her as the fiduciary but would issue letters of administration to some other person or committee.
According to the Surrogate’s Court Act an administrator must wait for at least seven months before accounting. If Leonia French is really a daughter of the decedent, which the court sincerely doubts, then she has at least that period of time to establish relationship and petition for the removal of Buhl.
On the first trial day she was asked to return the following-week and offer testimony or documents which would establish the relationship. She is not represented by an attorney and the court is of the opinion that she should be given every reasonable opportunity to establish her claim, if any. All that she has done to this point is offer a certified copy of her petition for citizenship. This document fails to indicate who her mother was. The testimony of Miss French is, to the court, both incredible and fantastic.
It is therefore directed that letters of administration issue to Albert K. Buhl upon his qualifying according to law.
Enter decree in accordance herewith.