## IN THE MATTER OF THE ESTATE OF: ALFRED SMITH, Deceased

Probate Nos. 42/1993, 86/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 26, 1994

CHARLOTTE POOLE DAVIS, ESQ., St. Thomas, V.I., *for petitioner, Valentine Smith*

KENTH W. ROGERS, ESQ., St. Thomas, V.I., *for petitioner, Catherine Smith-James*

MEYERS, *Judge*

### MEMORANDUM OPINION

This court is called upon to determine the priority of petitioners to probate the estate of Alfred Smith, decedent. For the following reasons, this court gives priority to the wife of the decedent to administer the estate.

## FACTS

Alfred Smith died intestate on December 23, 1992. On April 27, 1993, Valentine Smith, the widow of the decedent, petitioned this court for special letters of administration for the sole purpose of prosecuting and defending any and all claims in the following cases: Alfred A. Smith and Valentine Smith vs. GSM Corp. and Tammy and Glen Mynier, Civil No. 413/1992; and James Richards and Alwyn Richards vs. Martin Nelsen and Alfred Smith, Civil No. 561/1992 and related case No. 140/1991. These special letters were granted on May 4, 1993. At the same time, Valentine Smith also filed a Petition for Settlement Without Administration. This petition did not have the mandatory consent of all the heirs, pursuant to Title 15 Virgin Islands Code Section 191, *et seq.*

On September 27, 1993, Catherine Smith-James, a daughter of the decedent, petitioned the court to be appointed administratrix of decedent's estate. Marcia L. Smith, Jacklyn P. Smith, Alfred A. Smith, Jr., and Maxine L. Smith, the remaining adult children of the decedent, executed waivers and consented to the appointment of Catherine Smith-James as the administratrix of the estate. On November 5, 1993, Valentine Smith filed an amended petition requesting that Letters of Administration be awarded to her. On November 11, 1993, she also moved the court to dismiss the petition filed by Catherine Smith-James. On January 13, 1994, Catherine Smith-James filed a motion "for hearing to determine the competency of Valentine Smith to administer the estate's property." Eleven days later, she petitioned the court for "permission to borrow money and mortgage real estate." On March 15, 1994, Valentine Smith submitted her opposition to the petition to mortgage the real estate, and also responded to the motion for hearing regarding her competency. An evidentiary hearing was conducted on March 16, 1994.

## DISCUSSION

Catherine Smith-James contends that she should be given priority to administer the estate because her brother and sisters have consented to her appointment. Since she has the support of the majority of the heirs, Smith-James claims that the court must

4

appoint her as administratrix instead of Valentine Smith, who did not obtain consent from any of the heirs. To support her position, Smith-James relies on In Re De Hart's Estate, 8 Misc. 2d 531, 166 N.Y.S. 2d 466 (1957). This case involved a fight for appointment among two petitioners in the same class of priority. One petitioner had the consent of the distributees who represented the greatest portion of the estate. The court, in exercising its discretion, did not select that petitioner who had the support of the majority of the heirs, but selected the person who could best manage the estate of the decedent and who was more conversant with the affairs of the decedent. Her reliance on In Re De Hart's Estate, *id.*, is therefore misplaced.

 This court is guided by Title 15 Virgin Islands Code Section 236(b) which lists priority in the appointment of administrators. That section reads as follows:

(a) Administration of the estate of an intestate shall be granted and letters thereof issued, to —
(1) the widow or next of kin, or both, in the discretion of the court;

* * *

(b) The persons named in the clauses of subsection (a) of this section, if qualified and competent for the trust, *shall be entitled to the administration in order therein named.* . . . (Emphasis Added).

The first person listed is the widow. Valentine Smith, the widow, therefore, should be appointed if she is qualified and competent for the trust. The court takes judicial notice of the fact that Valentine Smith was already found to be competent and qualified to handle the affairs of the decedent during his lifetime, by her being appointed as his guardian after a hearing was conducted. In Re: Guardianship of Alfred Smith, Family No. G40/1991. Smith-James has not provided the court with any evidence to the contrary. In fact, Smith-James' allegations of mismanagement do not impinge

on Valentine Smith's competency to handle the affairs of the decedent.[1]

■ Title 15 Virgin Islands Code Section 237 gives priority to the husband of a decedent wife to be appointed as administrator. That section reads as follows:

> If the deceased was a married woman, the administration of her estate *shall* in all cases be granted to her husband, if he is qualified and competent for the trust and applies therefor within thirty days from her decease, unless by force of a marriage settlement or otherwise she has made some testamentary disposition of her property which renders it necessary and proper to grant the administration to the other person. (Emphasis supplied).

Today, this court holds that, as written, this section violates the Equal Protection Clause of the U.S. Constitution, and must also be expanded to give wives first priority to be administrators of their husbands' estates. Landmark Medical Center v. Gauthier, 635 A.2d 1145 (R.I. 1994) (citing New Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum, 84 N.J. 137, 417 A.2d 1003 (1980)); Rogers v. Rogers, 14 V.I. 252, 256 (Terr. Ct., 1977).

Rogers was a divorce case where the court, among other things, had to divide the parties' marital property. In considering its jurisdiction, the court relied upon Title 16 Virgin Islands Code Section 109 which gives the court certain powers upon entering a decree of divorce. Title 16 Virgin Islands Code Section 109(4) authorizes the court to order "delivery to the wife . . . of her personal property in the possession or control of the husband at the time of giving the judgment." The Rogers court found that were it not allowed to construe 16 Virgin Islands Code Section 109(4) as also allowing the delivery of the property to the husband, that section would violate the Equal Protection Clause, and would therefore be unconstitutional. Accordingly, the court interpreted Title 16 Virgin Islands Code Section 109(4) to allow for delivery of

---

[1] To satisfy the concerns of the heirs of this estate, the court will appoint an accountant to conduct an audit and provide the court with a true and accurate accounting of the estate.

the personal property to the husband, in order to avoid rendering that section invalid.

The modern roles of men and women in a contemporary marriage no longer justify gender-based discrimination. To strictly adhere to such archaic statutes without making the necessary expansion to include both sexes would do a grave injustice to the fight for equal protection. Thus, this court, too, must expand Title 15 Virgin Islands Code Section 237 to avoid gender-based discrimination. Accordingly, the wife of the decedent should have priority in the administration of the estate of her husband, so long as she is qualified and competent for the trust. This interpretation would continue to satisfy the legislative intent of this statute, until the Legislature makes a formal amendment to this section.

## CONCLUSION

Title 15 Virgin Islands Code Sections 236(a)(1) and 237 provide clear statutory authority for awarding the letters of administration to the wife of the decedent. In addition, case law supports the granting of the letters to the one who can best manage the estate of the decedent and who is more conversant with the affairs of the decedent. As guardian of her husband prior to his death, Valentine Smith has been the person who has managed the decedent's estate for a number of years. Thus, the court finds that she is very conversant with the affairs of the decedent.

Since the two petitioners are hostile towards each other, it would be futile to consider appointing them as co-administratrices. Accordingly, the court concludes that Valentine Smith, as the wife of the decedent, has priority to receive letters of administration. Appropriate orders will be entered.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that the Petition of Catherine Smith-James to be appointed as Administratrix of decedent's estate is hereby DENIED; and it is further

ORDERED that Probate No. 86/1993 is hereby DISMISSED; and it is further

ORDERED that, once the requisite papers are filed, Letters of Administration shall be issued to decedent's widow, Valentine Smith; and it is further

ORDERED that copies of this Order shall be directed to Charlotte Poole Davis, Esq., and Kenth Rogers, Esq.