# IN RE ESTATE OF AUSTIN A. DeCHABERT, SR., Deceased

Probate No. 4/1999

Territorial Court of the Virgin Islands,

Division of St. Croix

August 24, 2000

DONOVAN HAMM, ESQ., Christiansted, V.I., *for Petitioner*

MARK WILCZYNSKI, St. Thomas, U.S.V.I., *for Respondent*

STEELE, *Judge*

## Memorandum Opinion

### (August 24, 2000)

THIS MATTER is before the court on a Petition for Appointment of Administrator and for Other Relief which was filed by Austin A. DeChabert, Jr. (hereinafter "Petitioner"), son of Austin A. DeChabert, Sr. (hereinafter "Decedent") and heir to his estate. The Court issued an order on May 22, 2000, asking the petitioner to clarify certain issues. Petitioner filed a response to this order which is now before the court. Also before the court is an Opposition to the Petition for Appointment of Administrator filed by Saturnina V. DeChabert (hereinafter "Respondent"), the widow of the decedent who has been appointed Administrator of his estate in Florida.

## I. FACTUAL BACKGROUND

Austin A. DeChabert, Sr. was a resident of Florida when he died on November 13, 1998. Because he did not leave a will, an action for administration of his intestate estate was filed in Dade County Circuit Court on December 9, 1998. The respondent was appointed to administer his estate. Letters of Administration were issued to her by the Dade County Court on December 11, 1998. In January of 1999, Respondent, through her agent, Attorney Felice Quigley, approached this court for an order allowing the estate to sell a piece of real property located in the Virgin Islands. She filed a petition pursuant to Territorial Court Rule 210, entitled "Petition for Recognition of Devisees and Authorization to Sell." This petition asked that the court grant Respondent the limited power to sell one piece of real property owned by the estate. It did not ask that she be appointed personal representative of the estate. The court eventually approved her request and the property was sold. Per the court's order, proceeds from this sale were to be placed in an escrow account.

Although the estate was proceeding under Rule 210, it did not initially file an inventory of the estate's property in the Virgin Islands as is required under that rule. As time went on, though, it became clear that

the estate owned a substantial amount of real property in the Territory. An inventory was filed on August 25, 1999 which listed 25 properties owned wholly or in part by the estate.

The estate asked the court for permission to sell another piece of property in September of 1999. The court granted this request on September 7, 1999. As with the first instance where the court gave permission for estate property to be sold, Respondent was given a limited power to sell one particular piece of property and all of the proceeds from that sale were to be placed in an escrow account.

Petitioner filed the instant petition to begin an administration of his father's estate. Although he initially asked the court to appoint him administrator of the decedent's estate, in his Reply to Respondent's Opposition he withdrew this request, and he now asks the Court to appoint a third party to the position of administrator. He also asks that the court order Respondent to cease taking any action with regard to any estate property located in the Virgin Islands.

The court's file contains two waivers that Petitioner signed in January of 1999. In both waivers he consents to the appointment of Saturnina V. DeChabert as Administrator, even though no one ever asked the court to appoint her to such a position. In the first waiver he waived "any right to serve as administrator of the estate of Austin A. DeChabert, Sr," and in the second waiver, he expressly granted Respondent the power to sell "any and all properties located within the United States Virgin Islands." In its order of May 22, 2000, the court asked Petitioner to address the existence of these waivers. His response to this order was filed June 26, 2000.

Respondent's Opposition to the Petition was filed on July 17, 2000. Along with her opposition, Respondent presented a signed statement from all of the other heirs to the estate, in which they professed their support for "the continuation of Saturnina V. DeChabert as Executrix of the ancillary probate estate [sic] of her late husband's estate" as well as their opposition to Petitioner's petition.

## II. ISSUES PRESENTED

Many interesting points have been raised by both parties to this matter. However, all of these points seem to relate to either one of two issues. The two issues which the court has identified as being presented in this case are as follows:

A. Should the Estate of Austin A. DeChabert, Sr. be required to institute a separate administration in the Virgin Islands, even though a primary administration has already been authorized by a court in Florida?

B. Should the court appoint Saturnina V. DeChabert to the post of Virgin Islands Administrator of the Estate of Austin A. DeChabert, Sr.?

## III. DISCUSSION

### A. Should the Estate be required to institute a separate administration in the Virgin Islands?

Petitioner argues that Respondent has been using the wrong procedure to probate the decedent's estate in the Virgin Islands. He believes that the estate should be proceeding under Terr. Ct. R. 191, which is the Virgin Islands' procedure for disposition with administration, instead of under Terr. Ct. R. 210. Essentially, he is asking the court to require that the estate establish a second, separate administration in the Virgin Islands, even though a primary administration has already been instituted in Florida. As a corollary, he asks that the court appoint a non-family member to be the administrator for the estate. In her Opposition, Respondent argues that appointing another administrator to the estate would only result in a "severance of executorial function," and therefore, a great waste of time. While Respondent's argument has merit, at least with regard to the waste of time and money that may result from the existence of two separate administrations, this court holds that the estate may not continue to proceed under Terr. Ct. R. 210, but rather must institute a separate Virgin Islands administration under Terr. Ct. R. 191.

■ An action for administration of a decedent's estate is usually filed in the jurisdiction where the decedent was domiciled. However, if a decedent left real property in another state, a second administration, often referred to as an "ancillary administration," must be instituted in that jurisdiction to allow the estate to administer real property there. The second administration is necessary because "[a] foreign representative does not have extraterritorial authority; he can only administer such assets as are within the jurisdiction of the court that appointed him." 31 Am Jur 2d Executors and Administrators § 1275. In the Virgin Islands, foreign administrators are specifically precluded from acting in the

30

Territory, except "in the interest of justice under unusual circumstances where claims to property within the Territory are involved." *Callwood v. Virgin Islands National Bank,* 221 F.2d 770, 3 V.I. 540, 558 (3d Cir. 1955). Because of the restrictions that have traditionally been placed on foreign personal representatives, most ancillary probate procedures provide for the appointment of an "ancillary administrator" who is granted the authority to represent the estate in the second jurisdiction. Some jurisdictions require that a local person be appointed as Administrator in ancillary proceedings. 31 Am Jur 2d Executors and Administrators § 1172. However, the Uniform Probate Code allows a domiciliary administrator to act as administrator in the nonresident jurisdiction, as long as an action for administration has not already been filed there. UPC § 4-204. The Virgin Islands subscribes to neither point of view. Currently, Virgin Islands law does not provide for the appointment of an ancillary representative.

Even though the Virgin Islands does not have a procedure to appoint an ancillary representative on behalf of a foreign estate, local case law recognizes the fact that a foreign estate may need to institute ancillary probate procedures in the Territory in certain situations. *See Callwood,* 3 V.I. at 559. Unfortunately, the court in Callwood did not specify the statute or rule under which these ancillary probate procedures could be found. Presently the only procedure that the Virgin Islands has for dealing with foreign estates is Territorial Court Rule 210, which is entitled "Recording of a Foreign Will."

Under Rule 210, once a decedent's will has been admitted to probate in another jurisdiction, it may then be filed with the Office of the Recorder of the Deeds. After this has been done, the testamentary heirs to the property may petition the Territorial Court to be recognized as legatees and devisees. Once the heirs are "recognized," they are eventually able to claim their inheritance by following the summary "Settlement Without Administration" procedure pursuant to 15 V.I.C. § 191-200.

Rule 210 is not a satisfactory method for the ancillary administration of foreign estates even though it is often used as such for want of a better procedure. It does not set forth a procedure for the appointment of an ancillary representative for an estate, nor does it empower the domiciliary representative to act on behalf of an estate in the Territory. Furthermore, the text of Rule 210 makes it clear that its procedure only applies to situations where the decedent left a will, which means that

intestate estates may not be administered using Rule 210. The rule's purpose is straightforward in that it basically allows an estate to proceed without administration if it is able to produce a will that has been admitted to probate in another jurisdiction. Clearly, Rule 210 is nothing more than a "full faith and credit" regulation. It exists to give effect to foreign judgments, and not to administer estates.

The current status of the DeChabert estate is a prime example of the problems that can result when Rule 210 is used as an ancillary probate procedure, rather than a method for recognizing wills that have been admitted to probate in other jurisdiction. When Respondent filed her petition under Rule 210, her purpose was to bring the Virgin Islands property owned by her deceased husband under the umbrella of the Florida administration. She realized that her status as Florida Administrator would not allow her to administer the property in the Virgin Islands, so she acted accordingly. There was nothing sinister about Respondent's actions, and in fact, in many jurisdictions her status as Florida Administrator would be enough to qualify her to act on behalf of the estate in that jurisdiction. *See* UPC § 4-204.

Unfortunately, as is noted above, the Virgin Islands does not recognize the actions of a foreign administrator. Recognizing this, Respondent moved to re-establish her authority through a Virgin Islands Court by filing a petition under Rule 210. The court allowed her to proceed in this manner, even though she did not produce a certified copy of the decedent's will to be filed with the Recorder of the Deeds, which is required under Rule 210. The court was in error. An analysis of Virgin Islands probate law shows that the only way for the administrator of a foreign intestate estate to administer property in the Virgin Islands is either to file a petition for administration under Terr. Ct. R. 191, or to follow the "Settlement Without Administration" procedure outlined in 15 V.I.C. § 191 et seq. In other words, if a foreign decedent died without a will, his estate may not use Rule 210 to distribute his property located within the Territory, but must follow regular Virgin Islands probate procedures. Therefore, Respondent's Petition for Recognition of Devisees pursuant to Rule 210 is of no effect and the Estate of Austin DeChabert must institute a second administration in the Virgin Islands.

## B. Should the court appoint Respondent to the post of Virgin Islands Administrator?

The DeChabert Estate owns a large amount of real property in the Territory. As a result, an administrator must be appointed to oversee the estate until such time as the property is ready to be distributed. In Petitioner's initial Petition for Administration, he asked that the court appoint him to the post of administrator. He has since withdrawn this particular request. He now asks that the court appoint an impartial third party to administer the estate. Petitioner claims that Respondent is not qualified to be administrator of her husband's estate in the Virgin Islands because she is not a resident of the Territory. Furthermore, Petitioner cites several instances of perceived mismanagement on the part of Respondent in her capacity as Florida Administrator. In her Opposition, Respondent argues that she is the only person entitled to administer the estate by virtue of her status as the decedent's widow. In addition, she argues that even though she is a non-resident, 15 V.I.C. § 235(c) allows her to serve as Administrator if she appoints an agent in the Territory. Finally, she insists that Petitioner's claims of mismanagement are unfounded. For the reasons outlined below, the court finds that Respondent is not qualified to be Administrator of her husband's estate.

Generally, the spouse of a decedent has priority over all others as a candidate for Administrator to an estate. *See* 15. V.I.C. § 237; *In re Estate of Smith,* 31 V.I. 3 (Terr. Ct. 1994). However, when a widow fails to file her claim within thirty days of her husband's death, she loses her priority and from that day forward she is on equal footing with any other candidate. *In re Estate of Ledee,* 37 V.I. 37, 40 (Terr. Ct. 1997). In this case, Respondent has not yet filed a petition to be named Administrator in the Virgin Islands. Therefore, her status as the widow of the decedent does not give her priority as a candidate for Administrator.

In her Opposition, Respondent included a signed statement from all of the other heirs to estate, in which they asked that she be appointed Administrator in this matter. In the spirit of Terr. Ct. R. 192, which provides that a candidate for Administrator must obtain the consent of all of a decedent's legal heirs or serve citation upon them, the court would generally give great weight to such a document. However, in this case, no amount of support for Respondent's appointment would sway the court in her favor because she is not a Virgin Islands resident, and is

therefore not qualified to serve as Administrator of a Virgin Islands estate.

Respondent's reliance on 15 V.I.C. § 235(c) is misplaced. 15 V.I.C. § 235(a) provides in part: "The following persons are not qualified to act as executors or administrators: nonresidents of the Virgin Islands ..." This is the Code's basic prohibition against the appointment of a nonresident administrator. Later, in subsection (c) of the statute, this prohibition is modified slightly:

> not withstanding the provisions of subsection (a) of this section, a nonresident of the Virgin Islands named in the will as executor may be appointed to act as such executor provided:
>
> (1) he otherwise qualifies under said subsection (a);
> (2) he files such bond as may be required and approved by the court; and
> (3) he appoints an agent or attorney resident in the Virgin Islands upon whom service of all papers may be made ...

15 V.I.C. § 235(c).

This modification clearly does not apply to Respondent's situation. In the first place, Respondent is not seeking to be appointed *executor* of her husband's estate, nor could she be appointed to such a position if she wanted to be. The term "Executor" is defined as "[a] person appointed by a testator to carry out the directions and requests in his will, and to dispose of the property according to his testamentary provisions after his decease." Black's Law Dictionary, 570 (6th ed. 1990). In this case, there is no will and hence there can be no executor to the estate. In the absence of a will, the court is under a duty to appoint a qualified person to be administrator of a decedent's estate. *See* 15 V.I.C. § 236. The difference between administrators and executors is fairly easy to divine from a review of the Virgin Islands' Decedents Estates Law. However, even if there were some doubt as to the Code's definitions of these two terms, the modification in 15 V.I.C. § 235(c) would still not apply to Respondent. The first sentence of § 235(c) narrows the application of the subsection not just to executors, but to persons "named in the will as executors." Because she was not named in the decedent's will as executor, Respondent does not belong to the class of persons covered by § 235(c)

Clearly, Virgin Islands law does not allow a non-resident to be appointed Administrator of an intestate estate in the Territory. Therefore, this court will not consider Respondent as a candidate for the post of Administrator. Since the court has determined that Respondent is not qualified to be Administrator of the estate under Virgin Islands Law, it will not address any claims of mismanagement on her part. These are matters that must be brought before a Florida court, if at all.

■ The Estate of Austin A. DeChabert, Sr. is large and complicated. For this reason, it should not sit dormant for any length of time. The court therefore urges the parties to waste no time in coming to an agreement on the issue of a candidate for the post of administrator. If the parties are unable to agree to a candidate within thirty days of this order, the court will appoint a member of the Virgin Islands Bar to administer the estate.

## IV. Conclusion

For the reasons stated above, the court concludes that the Estate of Austin A. DeChabert, Sr. is required by Virgin Islands Law to institute a second, separate administration in the Territory. It further concludes that Saturnina V. DeChabert is not qualified to be Administrator of her husband's estate in the Virgin Islands because she is not a resident of the Territory. The court will issue an appropriate order outlining the manner in which the Estate shall proceed in the aftermath of this opinion.