■ In the Matter of the Estate of GERALD B. SHEPPARD, Deceased. RANDY SHEPPARD, Respondent; CHERYL BUONO, Appellant, et al., Respondents. [881 NYS2d 205]—

Kane, J. Appeal from an order of the Surrogate's Court of Sullivan County (LaBuda, S.), entered April 8, 2008, which, among other things, granted petitioner's application to have letters of administration of the estate of Gerald B. Sheppard issued to him.

Decedent died intestate, survived by 10 siblings. Petitioner, one of decedent's brothers, applied for letters of administration. Respondent Cheryl Buono, one of decedent's sisters, objected and sought to be appointed coadministrator. Seven of the siblings supported petitioner's appointment as sole administrator and three supported appointment of Buono as coadministrator along with petitioner. Following a hearing, Surrogate's Court issued letters of administration to petitioner only. Buono appeals.

As siblings, petitioner and Buono were equally entitled to be appointed administrator of the estate (see SCPA 1001 [1] [e]; Matter of De Hart, 8 Misc 2d 531, 531 [1957]). Among those who were equally entitled to the appointment, Surrogate's Court had discretion to issue letters to one individual or jointly appoint more than one individual (see SCPA 1001 [5]). Giving deference to the court's determination, made after a hearing at which the court could evaluate the demeanor and credibility of witnesses, we cannot find that the court abused its discretion in appointing petitioner as sole administrator. The court found that petitioner and Buono were at odds with each other concerning the handling of the estate. Friction or hostility between the potential joint fiduciaries can be a valid reason to reject a joint appointment, as friction or lack of cooperation can interfere with the efficient administration of the estate (see Matter of Sadowski, 21 AD3d 1034, 1035 [2005]; Matter of Eisenstein, 158 AD2d 597, 598 [1990]). After deciding that only one applicant

was entitled to a sole appointment, the court reasonably selected petitioner. He lived closer to the real property at issue, had been maintaining the property and paying bills since decedent's death, and the majority of the distributees supported his appointment (cf. Matter of Samuels, 204 Misc 842, 843 [1953]). In fact, the other three siblings, including Buono, felt that petitioner was capable of administering the estate, although they wanted a coadministrator appointed as well. Under the circumstances, the court appropriately exercised its discretion in appointing petitioner the sole administrator (see Matter of Eisenstein, 158 AD2d at 598; Matter of Edelson, 88 AD2d 640, 641 [1982]; see also Matter of De Hart, 8 Misc 2d at 532-533).

Peters, J.P., Spain, Rose and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.