*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                521933
_____

In the Matter of the Estate of
    GERALD B. SHEPPARD,
    Deceased.

NANCY BUCK, as Administrator
    of the Estate of GERALD B.
    SHEPPARD, Deceased,
                        Respondent;

CHERYL BUONO,                                MEMORANDUM AND ORDER
                        Appellant,

        and

RANDY SHEPPARD et al.,
                        Respondents,
                        et al.,
                        Respondents.

(And Other Related Proceedings.)
_____


Calendar Date:  January 12, 2017

Before:  Peters, P.J., Egan Jr., Rose, Devine and Aarons, JJ.

_____

        Wasserman, PLLC, New York City (Kenneth T. Wasserman of
counsel), for appellant.

        Marvin Newberg, Monticello, for Nancy Buck, respondent.

        Kalter, Kaplan, Zeiger & Forman, Woodbourne (Terry S.
Forman of counsel), for Randy Sheppard and others, respondents.

_____

Aarons, J.

Appeals (1) from an order and decree of the Surrogate's Court of Sullivan County (LaBuda, S.), entered February 19, 2015, which, among other things, dismissed respondent Cheryl Buono's application, in a proceeding pursuant to SCPA 711, to assess a surcharge against respondent Randy Sheppard, and (2) from an order and decree of said court (McGuire, S.), entered January 10, 2016, which, in a proceeding pursuant to SCPA 2107, among other things, denied respondent Cheryl Buono's motion for an order rescinding a deed.

For the third time since Gerald B. Sheppard (hereinafter decedent) died intestate in 2006, the parties have come to this Court seeking a resolution of their differences. Decedent's distributees are his 10 siblings, two of whom are respondent Cheryl Buono and respondent Randy Sheppard (hereinafter Sheppard). Buono and Sheppard both sought to be appointed the administrator of decedent's estate. In 2008, Surrogate's Court (LaBuda, S.) granted Sheppard's petition to have letters of administration issued to him, which order we affirmed (Matter of Sheppard, 63 AD3d 1358 [2009]). In a February 2011 order, however, the court removed Sheppard from his position as administrator due to certain actions he took and replaced him with the Sullivan County Treasurer, who, at that time, was Ira J. Cohen. While the February 2011 order also scheduled a hearing to determine whether Sheppard should be sanctioned, no hearing took place. Buono thereafter filed a petition seeking to surcharge Sheppard.

Meanwhile, Cohen contracted to sell to respondent Robert Sheppard, one of decedent's distributees, and his wife a 6.81-acre portion from decedent's 78-acre parcel of real property located in the Town of Cochecton, Sullivan County. In September 2012, Cohen commenced a proceeding via order to show cause seeking judicial approval of the sale under SCPA 2107. Although the parties agreed to have the petition decided on the papers, Surrogate's Court directed a hearing. After a fact-finding hearing, the court, in an April 2013 order, granted the petition and approved the sale of the subject property (see Matter of Sheppard, 129 AD3d 1127 [2015]). Buono took an appeal from the

April 2013 order but, in July 2013, while the appeal was pending, the subject property was sold.[1]  Cohen thereafter filed a petition seeking judicial settlement of his account.  Cohen subsequently died in 2014 and petitioner was appointed the successor administrator of decedent's estate.  In a February 2015 order and decree, Surrogate's Court, among other things, granted the petition to judicially settle Cohen's account and dismissed Buono's petition to surcharge Sheppard.

In June 2015, this Court reversed Surrogate's Court's April 2013 order by concluding that, although a hearing was held, Buono was not provided with a fair hearing because she was denied "adequate notice to make basic strategic decisions during the hearing" (id. at 1129).  Upon remittal and in light of this Court's June 2015 decision, Buono moved to rescind the deed conveying the subject property to Robert Sheppard and his wife.  During a hearing, petitioner withdrew the petition originally filed by Cohen seeking judicial approval of the sale under SCPA 2107.  In the January 2016 order and decree, Surrogate's Court (McGuire, S.), among other things, denied Buono's motion to rescind the deed.  Buono appeals from both the February 2015 and January 2016 orders and decrees.

Regarding the petition originally filed by Cohen to settle his account, there is no dispute that Buono responded thereto with unverified objections.  Inasmuch as this is a technical defect that should be disregarded in the absence of prejudice to a substantial right (see CPLR 2001; Matter of Garfinkle, 119 AD2d 911, 912 [1986]), and because Surrogate's Court (LaBuda, S.) ultimately entertained the merits of those objections, it is unnecessary, as Buono requests, to remit the matter for the purpose of allowing Buono to file verified objections.  To that end, we conclude that Surrogate's Court properly granted Cohen's petition.  Cohen submitted an affidavit and extensive documentation showing that he accounted for all the assets of the estate (see Matter of Curtis, 16 AD3d 725, 727 [2005]; Matter of Schnare, 191 AD2d 859, 860 [1993], lv denied 82 NY2d 653 [1993]).

---

[1]  There is no indication that a stay of the sale was sought pending the appeal.

In response, Buono did not submit any evidence "establish[ing] that the amounts set forth [were] inaccurate or incomplete" so as to require a hearing (Matter of Curtis, 16 AD3d at 726 [internal quotation marks and citations omitted]; see Matter of Mann, 41 AD2d 861, 861 [1973], lv denied 33 NY2d 517 [1973]). Accordingly, the court properly granted the petition to judicially settle the account.

Turning to Buono's rescission claim, in her motion to rescind the deed, Buono contended that, "[i]nasmuch as [the April 2013 order] that authorized the sale was reversed, the July 3, 2013 deed that transferred the 6.81 acre parcel . . . should promptly be rescinded." This argument, however, presumes that judicial authorization was a necessary predicate for Cohen to sell the subject property. To the contrary, the April 2013 order provided Cohen not with the authority to sell the subject property, but only with advice and direction as to how to proceed with the subject property (see SCPA 2107 [2]). Indeed, "SCPA 2107 does not empower the Surrogate's Court to substitute its judgment for that of the executor . . . and to cancel a contract it deems inadvisable" (Matter of Lovell, 23 AD3d 386, 387 [2005] [citation omitted]). The benefit in making an application under SCPA 2107 is that substantial compliance with the court's ultimate advice and direction protects the administrator from an objection that "the estate suffered a loss on account of the action taken under court advice and direction" (SCPA 2107 [3]). Accordingly, under the framework of SCPA 2107, the April 2013 order provided Cohen with a shield for his actions with respect to the sale of the subject property.

Moreover, Cohen was not required to seek judicial advice and direction regarding the sale of a property (see SCPA 2107 [1]). Given the permissive nature of SCPA 2107, upon remittal of the case after Buono's appeal, petitioner, as Cohen's successor, was free either to pursue the hearing in accordance with the petition, or, as was done here, request withdrawal of the petition. In light of petitioner's choice of the latter, it was unnecessary for Surrogate's Court (McGuire, S.) to conduct a hearing regarding the sale of the subject property inasmuch as the request for the court's advice and direction pertaining to

that sale was withdrawn.[2]  More to the point, the withdrawal of the petition had no impact on the validity of the deed or the sale of the subject property because Cohen was within his authority and discretion to sell the property without the need of seeking judicial advice and direction under SCPA 2107 (see EPTL 11-1.1 [b] [5] [B]; Matter of Kane, 98 AD2d 851, 852 [1983], lv denied 61 NY2d 607 [1984]).  To the extent that Buono argues that the terms of the contract require judicial approval, such argument is improper as it is raised for the first time on appeal (see Liere v State of New York, 123 AD3d 1323, 1324 [2013]). Accordingly, we conclude that Surrogate's Court properly denied Buono's motion to rescind the deed.

We do, however, find that Surrogate's Court (LaBuda, S.) erred in failing to hold an evidentiary hearing on Buono's petition to surcharge Sheppard.  In its February 2011 order, Surrogate's Court found that Sheppard's "actions and inactions" warranted his removal as administrator of decedent's estate and that a hearing should be held to determine whether Sheppard should be surcharged.  The record is not clear as to why such hearing never took place, and Buono thereafter filed a petition to surcharge Sheppard.  In view of the significant questions raised by Buono regarding the propriety of Sheppard's actions, as well as the February 2011 order directing a surcharge hearing, we conclude that Surrogate's Court erroneously dismissed Buono's petition to surcharge Sheppard without conducting a hearing (see Matter of Louis G., 39 AD3d 546, 547 [2007]).

Peters, P.J., Egan Jr., Rose and Devine, JJ., concur.

---

[2]  We note that Buono originally opposed Cohen's petition made under SCPA 2107.

ORDERED that the order and decree entered February 19, 2015 is modified, on the law, without costs, by reversing so much thereof as dismissed respondent Cheryl Buono's petition to surcharge respondent Randy Sheppard; matter remitted to the Surrogate's Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ORDERED that the order and decree entered January 10, 2016 is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court