Matter of Ryan (2024 NY Slip Op 01960)

Matter of Ryan

2024 NY Slip Op 01960

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CV-22-1974
[*1]In the Matter of the Estate of Karen E. Ryan, Deceased. Susan A. Rizzo, as Administrator of the Estate of Karen E. Ryan, Deceased, Respondent; Edward E. Ryan, as Administrator of the Estate of Michael F. Ryan, Deceased, Appellant.

Calendar Date:February 22, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for appellant.
Vella, Carbone & Vinson, LLP, Delmar (Aaron F. Carbone of counsel), for respondent.

Aarons, J.P.
Appeal from an order of the Surrogate's Court of Albany County (Stacy L. Pettit, S.), entered September 15, 2022, which granted petitioner's application, in a proceeding pursuant to SCPA 2103, to direct respondent to turn over certain funds to decedent's estate.
Before Karen E. Ryan (hereinafter decedent) died in October 2020, she designated her husband, Michael F. Ryan (hereinafter the husband), the sole beneficiary of her Trinity Health 403(b) Retirement Savings Plan (hereinafter the Trinity Plan).[FN1] The husband, however, died three days after decedent. In July 2021, upon respondent's appointment as administrator of the husband's estate, he submitted a claim for benefits to the Trinity Plan. The Trinity Plan's net proceeds were distributed to the husband's estate in December 2021.
That same month, Surrogate's Court issued limited letters of administration for decedent's estate to petitioner (see SCPA 1219), who demanded respondent turn over the Trinity Plan's net proceeds. When respondent rejected that demand, petitioner commenced this proceeding to press her claim that the husband was not a proper plan beneficiary because, under EPTL 2-1.6, he did not survive decedent. Over respondent's opposition, Surrogate's Court granted the petition and directed respondent to pay over the Trinity Plan net proceeds to petitioner. Respondent appeals, and we affirm.
Where a provision of a retirement plan's governing document "relates to an individual surviving an event, including the death of another individual, an individual who is not established by clear and convincing evidence to have survived the event by [120] hours is deemed to have predeceased the event" (EPTL 2-1.6 [a] [2]; see EPTL 2-1.6 [c]). Among other exceptions, this 120-hour rule will not apply where "[t]he governing instrument expressly indicates that an individual is not required to survive an event, including the death of another individual, by any specified period or expressly requires the individual to survive the event for a specified period" (EPTL 2-1.6 [b] [2]).
We disagree with respondent's contention that this exception applies because the plan document specified proceeds would be paid "in accordance with [Internal Revenue] Code section 401 (a) (9)." True, that provision of federal law instructs that eligibility for benefits is determined "as of the date of death of the employee" (Internal Revenue Code [26 USC] § 401 [a] [9] [E] [ii]). Yet, as Surrogate's Court correctly held, neither that statement nor anything else in 26 USC § 401 (a) (9) expressly abrogates or specifies a different survivorship period (see EPTL 2-1.6 [b] [2]).[FN2] Thus, respondent cannot rely on the plan's reference to 26 USC § 401 (a) (9) to stave off application of the 120-hour rule to the Trinity Plan.
That the husband was a named beneficiary rather than just a surviving spouse does not alter the analysis. According to the relevant terms of the Trinity Plan, where the designated beneficiary predeceases the participant[*2], the designation fails, and the proceeds go to the surviving spouse, and if none, the participant's estate. Respondent concedes that state law would determine who was the surviving spouse under the plan, but argues that state law may only override a beneficiary designation in the ways specifically set out in the plan's terms — for example, if the beneficiary is convicted of a crime of having caused the participant's death. Regardless, none of those terms explicitly displaces the 120-hour rule (see EPTL 2-1.6 [b] [2]). Consequently, under EPTL 2-1.6, the husband's death less than 120 hours after decedent meant that, for plan purposes, he predeceased her, and thus his designation as beneficiary failed. Because he was also not a surviving spouse for the same reason, he never became eligible to receive payment under the plan (cf. EPTL 13-3.2 [a]; Matter of Durcan, 165 AD3d 585, 585 [1st Dept 2018] [failed beneficiary designation precluded EPTL 13-3.2 protection]). Accordingly, Surrogate's Court appropriately directed respondent to pay over to petitioner the plan proceeds distributed to the husband's estate.
Respondent's remaining contention that Surrogate's Court violated EPTL 13-3.2 (a) when it did not defer to the plan administrator's determination that the husband was a proper beneficiary is unpreserved (see Matter of Sheppard, 147 AD3d 1239, 1241 [3d Dept 2017]).
Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The Trinity Plan is a church plan and therefore exempt from the Employee Retirement Income Security Act of 1974 (29 USC § 1001 et seq.; see 29 USC § 1003 [b] [2]; Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1427 [3d Dept 2021]).

Footnote 2: Respondent raises no challenge to Surrogate's Court's determination that the referenced federal law provisions do not preempt state law; accordingly, we deem that issue abandoned (see Matter of Badruddin, 152 AD3d 1010, 1013 n 6 [3d Dept 2017], lv dismissed 30 NY3d 1080 [2018]).