| Estate of Fuller |
|---|
| 2024 NY Slip Op 33118(U) |
| July 8, 2024 |
| Surrogate's Court, Bronx County |
| Docket Number: File No. 2023-1255 |
| Judge: Nelida Malave-Gonzalez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT, BRONX COUNTY

July 8, 2024

ESTATE OF GWENDOLYN ELIZABETH FULLER, Deceased
File No.: 2023-1255

Pending before the court in this administration proceeding is an order to show cause filed by Michelle Noonan ("Movant"), one of the decedent's daughters, requesting (i) leave to file late objections and a cross petition and (ii) the issuance of temporary and full letters of administration. Movant's application is opposed by Candice Rivera, who is another daughter and the petitioner herein ("Petitioner").

The decedent died a widow on October 11, 2021, survived by Movant, Petitioner, and two sons. The estate's principal asset is a single family home in the Bronx (the "Realty"). Movant resides in the Realty, maintaining exclusive possession thereof.

On or about June 29, 2023, Petitioner commenced the instant proceeding to obtain letters of administration. The sons consented to the application. Movant was served with a citation and appeared on the court's virtual platform on the February 22, 2024 return date and waived any jurisdictional defects. The matter was adjourned to April 9, 2024 to allow Movant to file objections and a cross-petition.

On April 9, 2024, Movant appeared before the court and stated that she had just retained the Morgan Legal Group P.C. ("MLG") as her counsel. No attorney from MLG appeared on that date, notwithstanding multiple attempts by the court to contact someone at the firm. The matter was then adjourned to April 18, 2024. The court ordered objections and a cross-petition to be filed by April 16, 2024, or the matter would be

[* 1]

submitted without objection. Movant was directed to advise her counsel accordingly. MLG subsequently filed a notice of appearance with the court dated April 8, 2024.

Movant failed to file objections or a cross-petition by the April 16th deadline. An attorney from MLG appeared for Movant when the matter was heard on the April 18, 2024 calendar. Inasmuch as Movant's counsel provided no reasonable excuse for failing to file opposition papers, the Petitioner's application was marked "submitted." The court thereafter issued a written decision and order dated April 19, 2024, awarding letters of administration to Petitioner and directing the settlement of a decree. A decree was settled on all parties, returnable on May 17, 2024. To date, the decree has not been signed.

Movant now seeks to vacate her default so she can, inter alia, file late objections and a cross-petition. Movant argues that such relief is warranted because her failure to file opposition papers was not intentional, but the result of MLG neglecting to properly calendar the matter. Movant further contends that Petitioner is unfit to serve as the estate's fiduciary because she: (i) has threatened to remove Movant from the Realty; (ii) has not paid her share of the Realty's property taxes; and (iii) overstated the value of the Realty in the petition.

In opposition, Petitioner counters that Movant had been given nearly two months to file papers, and allowing objections at this juncture would result in unnecessary delay. Petitioner points out that the decedent died nearly three years ago, and the only distributee benefitting from the estate to date is Movant, who is living at the Realty rent-free. Moreover, Petitioner asserts that the valuation of the Realty was based in part on a written appraisal, a copy of which was provided, and that Movant has allowed the Realty to fall into disrepair, thereby lowering its market value. Finally, Petitioner argues that even

2

if objections were to be filed, the Petitioner should prevail because three of the estate's four distributees have consented to Petitioner serving as the administrator.

The Surrogate's Court has an inherent power to vacate its own order or decree (SCPA § 209 [10]; CPLR § 5015). Such vacatur is a matter within the sound discretion of the court and should only be exercised under extraordinary circumstances (*see Matter of Menzies*, 2020 NY Misc Lexis 1145 [Sur Ct, Orange County 2020]).

As a threshold matter, Movant's application to vacate her default must demonstrate (i) a reasonable excuse for the delay and an absence of willfulness and (ii) a meritorious claim which is not established by allegations in a conclusory form, but instead sets forth by sufficient facts to afford a substantial basis for the contest and a reasonable probability of success (*see Matter of Will of Boyce*, 158 AD2d 422, 423 [2d Dept. 1990]; *In re Martin's Estate*, 14 Misc2d 266, 267 [Sur Ct., New York Cty 1944). Movant fails to establish either of these two prongs.

As for the reasonableness of Movant's excuse, it is undeniable that she has had almost three years to apply for letters of administration, yet she never sought to do so, choosing instead to stay in the Realty, effectively depriving the estate's other distributees of their distributive shares. Movant waited almost two months after the first court appearance to hire counsel, and the general excuse that objections were not timely filed because of a law office failure is unavailing.

As for the probability of success, Movant fails to articulate how Petitioner is unfit to serve as the estate's administrator. Even if true, Movant's allegation that Petitioner "threatened" to remove her from the Realty is no basis for denying Petitioner's application for letters. Movant does not have the right to exclusive possession of the property to the

3

detriment of the other distributees, and it is likely that the Realty will have to be sold, either to Movant (who indicates she wishes to purchase the Realty) or a third party (requiring Movant to vacate the premises), so the distributees can receive their respective shares of the estate. Likewise, the claim that Petitioner has not paid any portion of the property taxes for the Realty, which is in the exclusive possession of Movant, does not disqualify Petitioner from serving as a fiduciary, nor does Petitioner's valuation of the Property. Moreover, as three of the four distributees consent to Petitioner's appointment as the administrator, the court finds that Movant has not shown any plausible reason why she, and not Petitioner, should receive letters of administration (*see Matter of Sheppard*, 63 AD3d 1358 [3d Dept 2009]; *In re De Hart's Estate*, 8 Misc.2d 531 [Sur Ct, Richmond Cty 1957]; *In re Estate of Samuels*, 204 Misc. 842 [Sur Ct, Kings Cty 1953]; SCPA 1001 [1][f]).

Petitioner has presented credible evidence that further delay will dissipate the Realty's value. There has been no showing of extraordinary circumstances that would warrant relieving Movant of her default in filing objections and a cross-petition. The court has already determined that Petitioner is qualified to serve as the estate's administrator. Accordingly, the relief sought in Movant's order to show cause is denied in its entirety. Letters of administration shall issue to Petitioner.

This decision constitutes the order of the court.

Decree signed.

HON. NELIDA MALAVÉ-GONZALEZ,
SURROGATE

4