| Matter of Levine (Calleo) |
|:---:|
| 2026 NY Slip Op 30527(U) |
| February 19, 2026 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2021-216/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------------X

Accounting by Randee Levine, as Administrator of the Estate
of
       GARY CALLEO,

                                   Deceased.

--------------------------------------------------------------------------X

**ENTERED**

FEB 1 9 2026

DATA ENTRY DEPT
New York County Surrogate's Court

**DECISION**

File No.: 2021-216/A

G I N G O L D, S.

In this proceeding the following papers were read in determining the petition for judicial settlement of an accounting filed on April 25, 2024:

|  | PAPERS NUMBERED |
|---|---|
| Petition | 1 |
| Accounting | 2 |
| Amended Petition-Amended Accounting | 3-4 |
| Attorney Affirmation- | 5 |
| Affs. of Service-Admission of Service | 6-8 |
| Attorney Affirmation in Further Support of Petition | 9 |
| Objections to Accounting-Aff of Service | 10-11 |
| Aff. in Response to Objections | 12 |
| Attorney Affirmation in Response to Objections-Exhibits 1-3 | 13-14 |
| Affirmation of Service | 15 |
| Scheduling Order | 16 |

The following papers were read in determining petitioner's motion filed on November 18, 2025:

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion-Petitioner Affirmation in Support-Exhibits 1-7 | 17-19 |
| Attorney Affirmation in Support | 20 |
| Affirmation of Service | 21 |

In this proceeding, petitioner, Randee Levine (Petitioner) moved for summary judgment, pursuant to CPLR 3212. The relief requested included dismissal of objections filed by Christian Calleo (Christian) and Anthony Calleo (Anthony), settling Petitioner's final account, and discharging the bond issued by Melwain Security Bond. As discussed herein, Petitioner's relief is granted in full.

## Factual and Procedural History

Gary Calleo (Decedent) died intestate on April 2, 2015. He was survived by his spouse, Petitioner, and two sons, Christian and Anthony. Petitioner filed for Letters of Administration on January 21, 2021, which the court granted on August 9, 2021. The court required a bond in the amount of $85,000, which was issued by Platte River Insurance Company, and filed on February 10, 2022. The sole asset collected was a distribution to Decedent's estate from the Queens County Public Administrator.

On April 25, 2024, Petitioner filed an accounting from date of death through December 21, 2022, together with a petition for judicial settlement of same. On July 18, 2024, Petitioner filed an amended petition and accounting. On July 24, 2024, an affirmation from Petitioner's counsel in support of the petition was filed, and the next day citation issued. On September 19, 2024, affidavits of service on Melwaine Enterprises Security Bonds and Anthony Calleo were filed, as was an admission of service signed by Christian Calleo.

On September 26, 2024, an affirmation by Petitioner's counsel was filed amending the petition and accounting, and confirming service of the accounting schedules on Christian and Anthony. On October 29, 2024, Anthony and Christian filed objections to the accounting.[1] On

---

[1] The objections were made by Anthony, but verified by both Anthony and Christian on October 23, 2024. Based on the record, after filing the objections, only Anthony participated in this matter.

2

November 25, 2024, Petitioner responded to the objections with her affirmation, an affirmation from Petitioner's counsel, and annexed exhibits. On December 10, 2024, the court signed a scheduling order outlining a discovery schedule.

On January 17, 2025, Petitioner served discovery demands and a deposition notice. Petitioner's counsel followed up on the discovery demands by email on April 23, 2025. Anthony failed to respond to Petitioner's counsel regarding discovery. On November 18, 2025, Petitioner filed a motion for summary judgment to dismiss the objections and settle her account. No opposition papers were filed.

<u>Motion for Summary Judgment to Dismiss Objections to Accounting</u>

On a motion for summary judgment the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tending sufficient evidence to demonstrate the absence of any material issues of fact" and "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] citations omitted).

When the court considers the dismissal of a pleading it must "accept the facts as alleged in the [pleading] as true, accord . . . the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory," even if the pleading is "inartfully drafted" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] citing *Morone v Morone*, 50 NY2d 481, 484 [1980], *Rovello v Orofino Realty Co. Inc.*, 40 NY2d 633, 634 [1976], and *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see also Matter of New York City Asbestos Litigation*, 14 AD3d 112, 122-123 [1st Dept 2004].)

In a contested accounting, the fiduciary bears the burden of proving all assets are accounted for and providing a complete and accurate accounting, while the objectant bears the "burden of

3

coming forward with any evidence showing the inaccuracy of the account" (*Matter of Rudin*, 34 AD3d 371, 372 [1st Dept 2006] citing *Matter of Curtis*, 16 AD3d 725, 726-727 [3d Dept 2005]).

Here, Petitioner met her prima facia requirement by filing her account covering all assets with an affidavit attesting to its accuracy, pursuant to SCPA 2209. Thus, the burden shifts to Anthony, as objectant, to provide proof Petitioner's account is inaccurate. Anthony defaulted on the motion for summary judgment, thus the Court only has his objections as filed to consider. Anthony's objection does not reference the accounting and merely outlines a grudge against Petitioner. Petitioner's motion for summary judgment and dismissing the objection to her account is granted.

Petitioner's accounting will be settled upon service and filing of an attorney affirmation for legal services, pursuant to 22 NYCRR 207.45, and settling decree.

Accordingly, it is

ORDERED that the motion for summary judgment is granted, and objections to Petitioner's account are dismissed; and it is further

ORDERED that Petitioner's counsel shall serve a copy of this decision, with notice of entry, upon Anthony Calleo and Christian Calleo, by email and certified, first-class mail, within 30 days of the date of this decision; and it is further

ORDERED that petitioner's counsel shall serve and file an affirmation for legal services in accordance with 22 NYCRR 207.45, and settle decree within 30 days of the date of this decision.

Dated: February 1ſt, 2026

_____
SURROGATE

4

[* 4]