█  VINLIS CONSTRUCTION CO., INC., et al., Respondents, v. JOHN J. RORECK, Appellant.—In an action for an accounting (first cause of action) and to recover damages for conversion and fraud (second and third causes of action), defendant appeals from a judgment of the Supreme Court, Queens County, dated June 30, 1967, (1) in favor of plaintiffs upon (a) a jury verdict for plaintiffs on the second and third causes of action of a total of $50,000 as compensatory damages, plus interest, and a total of $75,000 as punitive damages, and (b) the trial court's award to plaintiffs on the first cause of action of $117,896 as compensatory damages, plus interest, and (2) adjudging that, if execution against the property of defendant is returned without further notice to defendant. Judgment modified, on the law and the facts, by (1) reducing the trial court's award of compensatory damages to $65,896, (2) reducing accordingly all the monetary amounts in the judgment which are affected by said reduction, and (3) striking out the adjudication permitting the granting of an order of arrest, i.e., an execution against the person. As so modified, judgment affirmed, with costs to defendant, and case remitted to the court below for entry of an amended judgment in accordance herewith. The finding of the trial court that plaintiffs sustained compensatory damages in the sum of $117,896 in addition to the $50,000 found by the jury is modified to substitute the figure of $65,896 therefor. Other findings not inconsistent therewith are affirmed. The general rule is that, on an accounting by a fiduciary, the burden of proof in justifying the charges and showing that he has derived no unfair advantage from his fiduciary relation is on the accounting party (*Vernon Metal & Produce Co.* v. *Joseph Joseph & Bros. Co.*, 241 N. Y. 544; *Fisher* v. *Bishop*, 108 N. Y. 25, 29). Here, defendant deliberately concealed and destroyed or ordered concealed and destroyed records of the trust estate. The destruction of the trust records was for the purpose of hiding defendant's illegal conduct and preventing the disclosure thereof and, under the circumstances, it would have been futile to direct an accounting in the usual form. Nevertheless, in our opinion, under the circumstances herein, it may not be held that the judgment may not be sustained, with the exception of the award of $3,000 as the average profit on each of 52 houses. We think that the maximum that could have been awarded on the proof herein was $2,000 as the average profit on each of the 52 houses. Defendant was in a position to refute plaintiffs' claim as to the amount of profit derived from each house, but offered no proof relative thereto. In our opinion, the provision permitting the granting of an order of arrest was improper (*Lisbin* v. *Cohen*, 1 A D 2d 697, affd. 3 N Y 2d 817; CPLR 6101, 6111; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 6101.04, 6111.03; McKinney's Cons. Laws of N. Y., Book 7B, Supplementary Practice Commentary under CPLR 6111 in the 1967 Pocket Part). No issues have been raised as to whether, in the causes of action based on conversion and fraud, the jury could properly award punitive damages and as to whether the award thereof was excessive. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.