■ In the Matter of the Estate of ERNASTINE SCHNARE, Deceased. FRANK SCHNARE, as Executor of ERNASTINE SCHNARE, Deceased, Appellant; RUTH SUTTON et al., Respondents. [594 NYS2d 827] —Mahoney, J. Appeal from an order of the Surrogate's Court of Greene County (Battisti, Jr., S.), entered February 7, 1992, which, inter alia, declared the judicial account of Frank Schnare to be settled.

Ernastine Schnare died testate in March 1982 survived by three adult children: Ruth, Henry and Frank (hereinafter petitioner). Upon probate of her will approximately one month later, letters testamentary were issued to petitioner, as executor. Apparently, family discord then developed among the children with the result that by 1988, the assets of this modest estate still had not been distributed. At this time, Ruth and Henry petitioned to compel a final accounting. The request was granted by Surrogate's Court and petitioner filed a final account by the April 1989 deadline set by the court. He thereafter petitioned for voluntary judicial settlement of the account pursuant to SCPA 2211. In response, Ruth and Henry filed objections and cross-petitioned, inter alia, for petitioner's removal as executor claiming misfeasance, breach of fiduciary duty and conversion of estate assets. While a conference on the matter was scheduled in hopes of arriving at a mutually agreeable settlement, when it became apparent that no consensus among the children could be reached and that no accounting could be concluded, in 1990 Surrogate's Court granted that part of Ruth and Henry's cross petition which sought petitioner's removal as executor. Robert Carpenter was appointed administrator CTA to settle the estate and petitioner was directed to provide him with an inventory of all estate assets and to turn over any and all documents necessary to settle the estate. While petitioner's then-attorney turned over some asset information and documentation, petitioner failed to supply any of the remaining information required in the 1990 order.

Two years later, the estate still had not been settled. At a

February 7, 1992 conference, the administrator indicated that he had conferred with an accounting firm and was advised that there was insufficient information to reconstruct what came into and flowed out of the estate over its 10-year existence or what assets were in the estate and where they went so as to prepare a legitimate accounting. Rather than proceed with this futile attempt, the administrator sought to be relieved from his duties and proposed a plan for distributing the remaining assets of the dwindling estate. Under this plan, petitioner would receive a 4.34-acre parcel of property where he currently resided, Henry would receive a contiguous 25.48-acre parcel in satisfaction of his claims against petitioner and subject to Ruth's money claim, and Ruth would receive a cash distribution from Henry. While Henry and Ruth agreed to accept this proposal in full satisfaction of their claims against the estate, petitioner objected. Surrogate's Court effected distribution of the estate in accord with the administrator's proposal and ordered judicial settlement of petitioner's account. This appeal by petitioner ensued.

We affirm. In an accounting proceeding, the party submitting the account has the burden of proving that he or she has fully accounted for all the assets of the estate (see, e.g., Vinlis Constr. Co. v Roreck, 30 AD2d 668, mod 27 NY2d 687; see generally, 29 Carmody-Wait 2d, Surrogate's Court & Estate Prac § 166.181, at 418-420), and this evidentiary burden does not change in the event the account is contested. While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete (cf., Matter of Mann, 41 AD2d 861, lv denied 33 NY2d 517; 29 Carmody-Wait 2d, Surrogate's Court & Estate Prac § 166.181, at 418).

While petitioner urges on appeal that Ruth and Henry failed to satisfy their burden of coming forward with evidence to support their objections or, alternatively, that a hearing was necessary before ruling on the validity thereof, we disagree. Here, the objections filed by Ruth and Henry pointed out obvious omissions, errors and inconsistencies in the recording of estate income, the transfer of estate funds, sale of estate assets and, in addition, asserted that certain of the estate assets noted in schedule E were not distributed as claimed. Inasmuch as the legitimacy of most, if not all, of the objections was apparent from a plain reading of the account,

no factual issues were presented which would necessitate the conducting of a hearing *(see, Matter of Meister,* 123 AD2d 264; *Matter of Cameron,* 165 Misc 792, *affd* 253 App Div 888, *affd* 278 NY 352; *see generally,* 29 Carmody-Wait 2d, Surrogate's Court & Estate Prac § 166.180, at 416-417).

It thus being evident that Ruth and Henry satisfied their burden of coming forward with evidence in support of their objections, the onus was on petitioner to prove the correctness of his account, which he utterly failed to do. Despite knowing since 1988 that his account had been challenged and being under court order since 1990 to turn over all supporting records and documents to the administrator, petitioner completely failed to produce any documents. He maintained this position at the February 1992 hearing, offering no documents and nothing in response to the administrator's testimony that insufficient documentation existed to reconstruct the estate's activity.

While ordinarily the fiduciary's failure to satisfy his or her burden of proving the accuracy or completeness of the account results in that individual being surcharged with the amount of the inaccuracies, in a proceeding to settle an account Surrogate's Court has broad discretion to "make such order or decree as justice shall require" (SCPA 2211 [1]; *see, Matter of Kelly,* 147 AD2d 564, *appeal dismissed* 78 NY2d 904; *Matter of Acker,* 128 AD2d 867). It being evident here that petitioner's account as filed was incomplete and inaccurate, that reconstruction of the estate's activities over its tortured 10-year history was not possible due solely to petitioner's failure to keep records, his delay, obfuscation of the issues and long history of noncooperation, directing an accounting in the usual form would be futile *(cf., Vinlis Constr. Co. v Roreck,* 30 AD2d 668, *supra).* In view of this, and mindful of the fact that continuation of this matter would serve only to deplete even further the assets of this modest estate, it cannot be said that Surrogate's Court abused its discretion or acted contrary to the best interest of the estate in stating the account in accordance with the administrator's proposal.

Yesawich Jr., J. P., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.