■ In the Matter of the Estate of HELEN BUTTA, Deceased. NICHOLAS PAGANI, Respondent; ROSARIO BUTTA, as Executor, Appellant. [770 NYS2d 343]—

Decree, Surrogate's Court, Bronx County (Lee Holzman, S.), entered on or about September 9, 2002, which, inter alia, granted the petition, adjudged the subject account a joint account with right of survivorship, and directed the bank to recognize petitioner as the sole owner, unanimously affirmed, without costs.

The testimony of a bank employee that the signature cards used by the bank when the subject account was opened contained right of survivorship language was, in the face of the bank's inability to produce the actual signature card for the account, sufficient proof that such language in fact appeared on the signature card with which the account was opened. It is therefore unnecessary to determine whether the presumption of a joint account with rights of survivorship (Banking Law § 675 [b]) may arise from other proof.

The executor failed to rebut the statutory presumption by clear and convincing evidence that the account was merely one of convenience (*see Pinasco v Ara*, 219 AD2d 540 [1995]), especially in light of the decedent's failure upon receipt of her bank statements to object to petitioner's withdrawals from the account. Nor did the executor shift the burden to petitioner to show that the opening of the account was not attributable to undue influence, since the executor failed to make the requisite threshold showing that a confidential relationship existed (*compare e.g. Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 699 [1978]; *Sepulveda v Aviles*, 308 AD2d 1, 7 [2003]; *Matter of Mazak*, 288 AD2d 682, 684 [2001]).

We have considered appellant's other contentions and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.