◼ In the Matter of the Estate of HELEN A. CURTIS, Deceased. CHARLES J. LIS, Appellant; KERRI FITZGERALD, Now Known as KERRI FLEMING, Respondent. [790 NYS2d 581]—

Peters, J. Appeals (1) from an order of the Surrogate's Court of Saratoga County (Seibert, Jr., S.), entered December 5, 2000, which, inter alia, revoked petitioner's letters testamentary, and (2) from an order of said court, entered December 18, 2003, which, inter alia, modified petitioner's accounting.

In November 1998, petitioner became the executor of the estate of Helen A. Curtis. By order of Surrogate's Court in December 2000, his letters testamentary were revoked and he was ordered to file an accounting proceeding. Respondent, a distributee, was appointed as the administrator. In January 2001, petitioner commenced this proceeding for an accounting seeking reimbursement for numerous expenses that he had

incurred on behalf of the estate; respondent filed objections thereto which included, among other things, petitioner's disbursement of counsel fees to estate lawyer Howard Aison.*

After a default judgment was vacated, respondent filed a statement of issues in connection with the accounting proceeding and Aison filed objections thereto pertaining to payment of his legal fees. Surrogate's Court held a brief trial on October 29, 2003, during which petitioner appeared pro se and Aison appeared as his witness; despite Aison's objection, Surrogate's Court would not consider him a party. At the commencement of the hearing, petitioner was directed to put in his proof to address respondent's objections. Unsure of how to proceed and with no guidance by Surrogate's Court that he could testify in the narrative, petitioner attempted to elicit testimony from Aison. The court did not permit Aison to testify in the narrative and sustained objections made to petitioner's form of questioning; no testimony was elicited from either petitioner or Aison. A motion for a directed verdict was granted after the close of petitioner's proof and a final decree of judicial settlement was entered modifying the accounting. Petitioner appeals from both the December 2000 order revoking petitioner's letters testamentary and from the December 2003 order modifying the accounting.

Petitioner's appeal from the December 2000 order is untimely (*see Matter of Hannig v McCoy*, 4 AD3d 685, 686 [2004]). Although he failed to appeal from the final decree of judicial settlement entered February 20, 2004, we will, in the interest of justice, consider his appeal from the December 2003 order to be from the final decree (*see* CPLR 5520 [c]).

Next, reviewing the accounting proceeding, it is settled that petitioner's accounting and the objections thereto constitute the pleadings of the parties, defining the issues to be tried (*see Matter of Emmerich*, 175 Misc 228, 229 [1940]; *Matter of Thaler*, 161 Misc 615, 617 [1937]). If left uncontested, " 'the account stands proved pro confesso except in as far as it may be patently contrary to law' " (*Matter of Thaler, supra* at 617, quoting *Matter of Melzak*, 153 Misc 600, 605 [1934]). Where the account is contested, "the objectant has the initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete. Upon satisfaction of that burden, the fiduciary has the ultimate burden of proving that the ac-

---

* In October 2002, Aison made a successful motion to withdraw as petitioner's attorney in this matter due to what ultimately became a conflict of interest with the estate regarding the person or entity responsible for the payment of his legal fees.

count is accurate and complete" (*Matter of Robinson*, 282 AD2d 607, 607 [2001] [citation omitted]; *see Matter of Schnare*, 191 AD2d 859, 860 [1993], *lv denied* 82 NY2d 653 [1993]). Here, petitioner submitted the petition, the supporting accounting and his affidavit as the accounting party (*see Matter of Schnare, supra* at 860). Since respondent contested that accounting, the burden was upon her to show its inaccuracy. Only upon satisfaction of that burden would petitioner be required to prove, by a fair preponderance of the evidence, that the account was accurate and complete (*see id.* at 860; *see also Matter of Tract*, 284 AD2d 543, 543 [2001]; *Matter of Robinson, supra* at 607; *Matter of Smith*, 84 AD2d 664, 665 [1981]). As respondent presented no evidence in support of her objections and Surrogate's Court improperly placed the initial burden of proof upon petitioner, thereafter granting a directed verdict at the close of petitioner's proof, we reverse and remit this matter for a new hearing.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the appeal from the order entered December 5, 2000 is dismissed, as untimely, without costs. Ordered that the order entered December 18, 2003 is reversed, on the law, without costs, final decree entered February 20, 2004 vacated, and matter remitted to the Surrogate's Court of Saratoga County for further proceedings not inconsistent with this Court's decision.

