■ In the Matter of MARGARET I. CAMPIONE, an Incapacitated Person. CAROL A. DeSIENA, Appellant; KAREN SAUCIER et al., Respondents. (Proceeding No. 1.) In the Matter of the Estate of MARGARET I. CAMPIONE, Deceased. CHRISTINA L. TANGREDI, as Administrator of the Estate of MARGARET I. CAMPIONE, Deceased, Petitioner; CAROL A. DeSIENA, Appellant, and FRANK CAMPIONE et al., Respondents. (Proceeding No. 2.) [872 NYS2d 210]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court and Surrogate's Court of Albany County (Doyle, J.), entered June 29, 2007, which, among other things, in a proceeding pursuant to Mental Hygiene Law article 81 and a proceeding pursuant to SCPA 2103, granted the application of petitioner in proceeding No. 2 to direct respondent Carol A. DeSiena to turn over certain assets to decedent's estate, and (2) from an order of said courts, entered December 18, 2007, which, among other things, denied the motion of petitioner in proceeding No. 1 for an extension of time within which to file a notice of appeal.

In June 2001, Carol A. DeSiena, petitioner in proceeding No. 1 and respondent in proceeding No. 2, was appointed permanent guardian of Margaret I. Campione (hereinafter decedent) pursuant to Mental Hygiene Law article 81. Decedent died intestate on July 29, 2003, survived by her daughters—DeSiena and Margaret Ann Ross—and the Campione respondents, who are the seven children of decedent's predeceased son. Margaret Ann Ross died shortly thereafter, leaving respondents Margaret Ann Ross-Harmon and Salvan Ross III (hereinafter the Ross respondents) as her distributees. In 2005, after several of DeSiena's reports were rejected by court-appointed examiners, Supreme Court (Canfield, J.) relieved DeSiena of her duties as guardian and directed her to file a final accounting of all funds received and expended as guardian for the years 2002 through 2005. DeSiena filed her final accounting in November 2005, and subsequently applied in Supreme Court for judicial settlement (proceeding No. 1). Certain respondents opposed DeSiena's application, relying upon a report of Sheila Hilley, who had been appointed as a successor guardian of decedent's property.

Meanwhile, attorney Christina L. Tangredi was appointed administrator of decedent's estate in December 2005. Tangredi commenced proceeding No. 2 in Surrogate's Court pursuant to SCPA 2103, seeking to discover information and determine the whereabouts of assets that might belong to decedent's estate. A joint trial was held to address DeSiena's application for judicial settlement of her final accounting (proceeding No. 1) and Tangredi's SCPA 2103 petition (proceeding No. 2). Thereafter, in June 2007, Supreme Court/Surrogate's Court (Doyle, J.)

(hereinafter Supreme Court) issued an order denying DeSiena's application for judicial settlement of her final accounting and a commission. The court further surcharged DeSiena the cost of the proceedings and various fees, and directed that she surrender to Tangredi, as administrator, certain assets of decedent's estate, including approximately $1 million in cash with interest and various assets purchased with decedent's funds.

DeSiena, proceeding pro se, filed a timely notice of appeal from the order with the Albany County Clerk in July 2007, but failed to file a notice of appeal with the Albany County Surrogate's Court Clerk or to serve the notice of appeal on the Ross respondents, Tangredi or Murray Carr, a court-appointed examiner. DeSiena then evidently retained counsel, served all interested parties in August 2007, and moved pursuant to CPLR 5520 (a) for an extension of time in which to serve her notice of appeal on all interested parties, or an order deeming the August 2007 service to be sufficient. By order entered December 2007, Supreme Court granted DeSiena's motion as to the aspects of the appeal related to the proceeding in Supreme Court, but denied the motion as to the Surrogate's Court proceeding. DeSiena appeals from both the June 2007 order and the December 2007 order, and we now affirm.

DeSiena argues that she met her burden of proof in demonstrating that her final accounting was accurate and complete, and that Supreme Court erred in directing her to restore various assets. In an accounting proceeding, " 'the objectant has the initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete' " (*Matter of Curtis*, 16 AD3d 725, 726 [2005], quoting *Matter of Robinson*, 282 AD2d 607, 607 [2001]). Once that initial showing has been made, "the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (*Matter of Schnare*, 191 AD2d 859, 860 [1993], *lv denied* 82 NY2d 653 [1993]). Moreover, "the fiduciary's failure to satisfy his or her burden of proving the accuracy or completeness of the account [ordinarily] results in that individual being surcharged with the amount of the inaccuracies" (*id.* at 861).

Here, respondents in proceeding No. 1 met their initial burden of coming forward with evidence to establish that the amounts set forth in DeSiena's final accounting were inaccurate and incomplete through the admission of, and their reliance upon, Hilley's report, which detailed a number of substantial assets that were not contained in DeSiena's final accounting. Indeed, during her trial testimony, DeSiena confirmed both the existence of many of these assets—including a certificate of deposit

and checking account at Fleet Bank totaling approximately $100,000, an account containing approximately $330,000 at Key Bank, and a MetLife annuity contract from which DeSiena withdrew approximately $56,000 and was ultimately paid approximately $300,000 after representing falsely that she was decedent's only surviving child—and that she had deposited the assets in an account in her own name. In light of DeSiena's failure to include these assets in her final accounting, it cannot be said that Supreme Court erred in finding the final accounting to be inaccurate and incomplete (*see Matter of Gershenoff*, 17 AD3d 243, 243 [2005]; *Matter of Robinson*, 282 AD2d at 607-608; *Matter of Schnare*, 191 AD2d at 860-861).

Rather, in our view, given the inadequate documentation for the various withdrawals, Supreme Court properly directed DeSiena to restore $24,000 from the Fleet Bank account, the money withdrawn from the Key Bank account, funds received from the MetLife annuity, $180,000 from a Charter One certificate of deposit imputed based upon decedent's tax returns, and $150,000 in unauthorized withdrawals from the account used for decedent's expenses (*see Matter of Gershenoff*, 17 AD3d at 243; *Matter of Acker*, 128 AD2d 867, 868-869 [1987]). Similarly, given the commingling of DeSiena's and decedent's funds in certain bank accounts and DeSiena's admission that she used decedent's funds to purchase various assets in her name, Supreme Court properly directed DeSiena to surrender those funds and bank accounts, as well as crypts located in Evergreen Memorial Park and other assets that DeSiena had not returned (*see Matter of Nora McL. C.*, 308 AD2d 445, 445 [2003]; *Matter of Etoll*, 101 AD2d 935, 936 [1984]).

While DeSiena may have been under the mistaken assumption that some of these funds belonged to her because they were held in trust for her at some point, we note that beneficiaries of Totten trusts "enjoy only expectancy interests and not vested legal rights" (*Blackmon v Estate of Battcock*, 78 NY2d 735, 739 [1991]). Furthermore, DeSiena has not shown "by clear and convincing evidence, that the[ ] transfers [at issue] would have been made by [decedent] during her lifetime if she had the requisite capacity" (*Matter of Burns*, 287 AD2d 862, 864 [2001]). Finally, it cannot be said under the circumstances presented here, that Supreme Court erred in either denying DeSiena a commission or surcharging her for the costs of the proceedings (*see Matter of Donner*, 82 NY2d 574, 587 [1993]; *Matter of Kelly*, 147 AD2d 564, 564 [1989], *appeal dismissed* 78 NY2d 904 [1991]).

DeSiena's remaining claims—including her argument that

Supreme Court erred in partially denying her motion for an extension of time in which to file a notice of appeal—have been considered and, to the extent that they are preserved, found to be lacking in merit (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *see also Dalton v City of Saratoga Springs*, 12 AD3d 899, 899 [2004]).

Peters, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.