■ Peter Viola, Appellant, v Kathleen Viola et al., Respondents. [898 NYS2d 67]—

In an action, inter alia, to recover the proceeds of a purported joint brokerage account, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated May 12, 2009, as denied that branch of his motion which was for summary judgment on the second cause of action and granted that branch of the cross motion of the defendant Kathleen Viola which was for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The decedent Frank Viola died intestate on October 3, 2007, at the age of 87, survived by his wife Kathleen Viola, the individual defendant herein and the duly appointed administrator of her deceased husband's estate.

The decedent's nephew, Peter Viola, commenced this action seeking, inter alia, to recover the sum of $673,021.20 from a

purported joint brokerage account which was held in the decedent's name by the defendant Du Pasquier Co. In the second cause of action, the plaintiff alleged that he had a right of survivorship in this account and that Du Pasquier Co. was required to turn over the proceeds of such account to him. The plaintiff sued the decedent's wife individually and in her representative capacity as the administrator of the decedent's estate, along with Du Pasquier Co., and Pershing, LLC, the clearing house which Du Pasquier Co. used to process transactions for the decedent's account.

The plaintiff moved for summary judgment on the complaint and the defendant Kathleen Viola (hereinafter the defendant) cross-moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court found, inter alia, that the plaintiff failed to establish the existence of a joint account with right of survivorship and, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action. We affirm the order insofar appealed from.

The plaintiff failed to demonstrate, prima facie, that he was entitled to judgment as a matter of law on the second cause of action because he did not establish that the decedent completed the application form and provided the documents that were necessary to open a joint account with Du Pasquier Co. (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In the absence of a showing that a joint account was created, the plaintiff cannot rely upon the statutory presumption created by Banking Law § 675, which applies to determine whether a joint account was established with the intention to create a joint tenancy or for the depositor's convenience (see Banking Law § 675 [b]; Matter of Richichi, 38 AD3d 558 [2007]).

The defendant established, prima facie, that she was entitled to judgment as a matter of law dismissing the second cause of action by showing that a joint brokerage account was never created. In opposition to the defendant's cross motion, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action and properly granted that branch of

the defendant's cross motion which was for summary judgment dismissing the second cause of action. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur. **[Prior Case History: 23 Misc 3d 1122(A), 2009 NY Slip Op 50892(U).]**