■ In the Matter of the Estate of PAUL GALLAGHER, Also Known as PAUL J. GALLAGHER, Deceased. KEVIN GALLAGHER, Appellant; WENDY WALTON et al., Respondents. [916 NYS2d 804]—

In a probate proceeding to judicially settle the final accounts of an estate, the successor administrator, Kevin Gallagher, appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Kings County (Lopez Torres, S.), dated December 3, 2009, as, after a nonjury trial, denied his objections to and judicially settled the final account of Kathleen Gallagher, the original administrator of the estate, and granted the objections of Wendy Walton to his amended final account.

Ordered that the decree is affirmed insofar as appealed from, with one bill of costs payable by the appellant personally.

In an accounting proceeding, the party submitting an account has the ultimate burden of demonstrating that he or she has fully accounted for all of the assets of the estate (*see Matter of Tract*, 284 AD2d 543 [2001]; *Matter of Schnare*, 191 AD2d 859, 860 [1993]). "While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (*Matter of Tract*, 284 AD2d at 543; *see Matter of Campione*, 58 AD3d 1032, 1034 [2009]; *Matter of Schnare* at 860).

On appeal from a decree entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the [Surrogate] had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d

492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 134 [1930]; *Matter of Verdeschi*, 63 AD3d 1084, 1086 [2009]; *We're Assoc. Co. v Rodin Sportswear*, 288 AD2d 465 [2001]; *DiBruno v Abrams*, 208 AD2d 672, 674 [1994]).

Upon our review of the record, we find no basis to set aside the determination of the Surrogate that the successor administrator, Kevin Gallagher, failed to come forward with credible evidence to establish that the final account of the original administrator, Kathleen Gallagher, was inaccurate or incomplete.

The parties' remaining contentions are without merit. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.