■ In the Matter of MARY AMELIA HUTCHINS TRIESTMAN, Deceased. TODD HUTCHINS EGENER et al., Respondents-Appellants; EDWIN TRIESTMAN, Appellant-Respondent. [27 NYS3d 626]—

In a probate proceeding in which Todd Hutchins Egener and Mark Hutchins Egener, executors of the estate of Mary Amelia Hutchins Triestman, petitioned pursuant to SCPA 2103 and 2104 for the turnover of certain property allegedly belonging to the estate, Edwin Triestman appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated December 9, 2014, as denied that branch of his motion which was for summary judgment dismissing so much of the petition as sought the turnover of 50% of the proceeds from the sale of an art glass collection, and the petitioners cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on so much of the petition as sought the turnover of 50% of the proceeds from the sale of the art glass collection, and 50% of the value of the decedent's jewelry, and household furniture and furnishings.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petitioners' cross motion which was for summary judgment on so much of the petition as sought the turnover of 50% of the value of the household furniture and furnishings, and substituting therefor a provision granting that branch of the cross motion; as so

modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioners, Todd Hutchins Egener and Mark Hutchins Egener (hereinafter the petitioners), are the biological children of Mary Amelia Hutchins Triestman (hereinafter the decedent) and the stepchildren of Edwin Triestman (hereinafter the respondent). The decedent's last will and testament (hereinafter the will) provided that upon the decedent's death, her estate was to be divided equally between the two petitioners. The will provided that the respondent was to receive nothing from the decedent's estate, and the respondent executed a waiver of inheritance with regard to the decedent's estate. In 2011, the will was admitted to probate. Thereafter, the petitioners commenced a proceeding pursuant to SCPA 2103 and 2104 for the turnover of certain property, including, but not limited to, 50% of the proceeds from the sale of an "art glass collection" (hereinafter the collection), and 50% of the value of the decedent's jewelry, and household furniture and furnishings. After discovery, the respondent moved for summary judgment dismissing the petition, and the petitioners cross-moved for summary judgment on the petition. The Surrogate's Court denied the motion and the cross motion.

The Surrogate's Court properly denied that branch of the respondent's motion which was for summary judgment dismissing so much of the petition as sought the turnover of 50% of the proceeds from the sale of the collection, as well as that branch of the petitioners' cross motion which was for summary judgment on so much of the petition as sought the turnover of 50% of the proceeds from the sale of the collection. The respondent failed, in support of that branch of his motion, and the petitioners failed, in support of that branch of their cross motion, to establish, prima facie, entitlement to judgment as a matter of law with respect to the proceeds of the sale. Specifically, the respondent failed to establish, prima facie, that the decedent's share of the proceeds of the sale passed to him upon her death because they were in a joint account with right of survivorship. Similarly, the petitioners failed to establish, prima facie, that the decedent's share of the proceeds of the sale did not pass to the respondent upon her death on that basis. Neither party established, prima facie, whether the presumption of Banking Law § 675 (b) was applicable (cf. Viola v Viola, 71 AD3d 1129, 1130 [2010]; Matter of Butta, 3 AD3d 347, 347 [2004]). Additionally, the respondent did not establish, prima facie, under the common law, that the proceeds from the sale passed to him upon the decedent's death under survivor-

ship rights (*see generally Matter of Farrar*, 129 AD3d 1261 [2015]; *Rosenzweig v Friedland*, 84 AD3d 921, 924 [2011]).

The Surrogate's Court also properly denied that branch of the petitioners' cross motion which was for summary judgment for the turnover of 50% of the value of the decedent's jewelry. In opposition to the petitioners' prima facie showing that the respondent had given the jewelry as gifts to the decedent, the respondent raised a triable issue of fact on whether the jewelry was actually part of his personal collection.

The Surrogate's Court erred, however, in denying that branch of the petitioners' motion which was for summary judgment on so much of the petition as sought the turnover of 50% of the value of the household furniture and furnishings. The petitioners established their prima facie entitlement to judgment as a matter of law by submitting evidence, inter alia, demonstrating that the furniture and furnishings were purchased with funds from the joint checking account of the respondent and the decedent, and that the respondent admitted that the decedent accompanied him to select and purchase the furniture and furnishings. In opposition, the respondent failed to raise a triable issue of fact. Although the respondent argued that all of the funds in the joint account from which the furnishings were purchased were contributed by him, his contribution of those funds into a joint checking account established his intent to make a gift of 50% of those funds to the decedent, who was the co-owner of the account (*see* EPTL 6-2.2 [a]). Accordingly, that branch of the petitioners' cross motion which was for summary judgment on so much of the petition as sought the turnover of 50% of the value of the furniture and furnishings should have been granted.

The parties' remaining contentions are without merit. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.