■ In the Matter of MARY DiGIOVANNA, Deceased. VICTORIA SALINE, Respondent; PHYLLIS HARTMAN, Appellant. [48 NYS3d 508]—

In a probate proceeding in which Victoria Saline, as co-executor of the estate of Mary DiGiovanna, petitioned for the judicial settlement of her intermediate account of the estate, the objectant, co-executor Phyllis Hartman, appeals, as limited by her brief, from so much of a decree of the Surrogate's Court,

Suffolk County (Czygier, Jr., S.), dated December 1, 2014, as, upon a decision of the same court dated September 30, 2014, made after a nonjury trial, inter alia, dismissed objections related to the petitioner's exclusion of a certain investment account from the estate's assets, the petitioner's temporary transfer of real properties to herself, and the accuracy and completeness of the petitioner's accounting.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by Phyllis Hartman personally.

When petitioning for judicial settlement of an account, the party submitting the account has the burden of proving that he or she has fully accounted for the entire estate (see Matter of Doman, 110 AD3d 1073, 1074 [2013]; Matter of Crane, 100 AD3d 626, 628 [2012]; Matter of Tract, 284 AD2d 543, 543 [2001]; Matter of Schnare, 191 AD2d 859, 860 [1993]). " 'While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete' " (Matter of Gallagher, 81 AD3d 825, 825 [2011], quoting Matter of Tract, 284 AD2d at 543; see Matter of Campione, 58 AD3d 1032, 1034 [2009]; Matter of Schnare, 191 AD2d at 860).

On appeal from a decree entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the [Surrogate's Court] had the advantage of seeing the witnesses' " (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983], quoting York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 134 [1930]; see Matter of Gallagher, 81 AD3d at 825-826; Matter of Verdeschi, 63 AD3d 1084, 1085-1086 [2009]). In exercising this power here, we find no reason to disturb the determination of the Surrogate's Court that the objectant failed to come forward with credible evidence to establish that the intermediate accounting of the petitioner was inaccurate or incomplete (see Matter of Gallagher, 81 AD3d at 826).

Contrary to the objectant's contention, the Surrogate's Court properly determined that a certain account with Putnam Investments was not an asset of the estate, since the petitioner and the decedent opened the account as joint tenants with rights of survivorship (see Banking Law § 675 [b]; Matter of Triestman, 137 AD3d 1049, 1050 [2016]). Further, the court properly held that the petitioner was not liable for any carrying charges on the decedent's real properties from the date

that the properties were transferred to the petitioner until the date that she transferred them back to the estate. The parties had stipulated that the petitioner was holding those properties "in constructive trust for the benefit of the decedent's estate." The clear and unambiguous language of the stipulation establishes that the parties agreed that the petitioner never held a beneficial interest in the decedent's real properties. Therefore, the decedent, and, subsequently, her estate, remained responsible for the cost of maintaining those real properties regardless of the fact that, for a period of time, the petitioner held those properties in her name (*see Matter of Ruth S. [Sharon S.]*, 125 AD3d 978, 979 [2015]).

The objectant's remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.