Matter of Shauntray T. ( (Margaret T.) (2019 NY Slip Op 07076)





Matter of Shauntray T. ( (Margaret T.)


2019 NY Slip Op 07076


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-06742
 (Index No. 632/02)

[*1]In the Matter of Shauntray T. (Anonymous). Family & Children's Association, et al., respondents; Margaret T. (Anonymous), appellant.


Frank Bruno, Jr., Glendale, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which the successor guardian of the property of the incapacitated person moved for judicial settlement of its final account, the guardian of the personal needs of the incapacitated person appeals from an order of the Supreme Court, Queens County (Bernice D. Siegal, J.), entered June 7, 2016. The order, insofar as appealed from, in effect, denied the objections of the guardian of the personal needs of the incapacitated person to the final account without a hearing, and judicially settled the final account.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this proceeding pursuant to Mental Hygiene Law article 81, the mother of the incapacitated person (hereinafter the IP), who is also the guardian of the personal needs of the IP, filed objections to the final account of the successor guardian of the property of the IP. In the order appealed from, the Supreme Court, without conducting a hearing, in effect, denied those objections, and judicially settled the final account. We affirm insofar as appealed from.
A party who objects to a guardian's final account has the initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete (see Matter of Campione, 58 AD3d 1032, 1034), and if the objections raise disputed issues of fact concerning the necessity of disbursements, reasonableness of fees, or management of assets, a hearing should be held (see Matter of George P. [Sherwood], 83 AD3d 1079). If the objectant meets his or her initial burden, the accounting party must prove by a preponderance of the evidence that the accounting is accurate and complete (see Matter of DiGiovanna, 148 AD3d 699, 700).
Here, to the extent that the objectant raised disputed issues as to the propriety of certain disbursements made from guardianship funds for the IP's expenses, we agree with the Court Evaluator, who reviewed the final account and extensive supporting documentation, the largely conclusory and unsubstantiated objections, and the responses thereto, and concluded that the challenged disbursements were proper. Under the circumstances presented, the Supreme Court was not required to hold a hearing. The objectant's remaining contentions are without merit. Accordingly, we agree with the court's determination effectively rejecting the objections and judicially settling the account.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court