Matter of Cook (2019 NY Slip Op 53947)





Matter of Cook


2019 NY Slip Op 53947


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

527075

[*1]In the Matter of the Estate of Norma Blake Cook, Deceased. Lisa Debeauvernet, as Executor of the Estate of Norma Blake Cook, Deceased, Respondent. Rollin Cook Jr., Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Blustein, Shapiro, Rich & Barone, LLP, Goshen (Raymond P. Raiche of counsel), for appellant.
Mary Zugibe Raleigh, Warwick, for respondent.
Mary Zugibe Raleigh, Warwick, for respondent.



Lynch, J.
Appeal from an order of the Surrogate's Court of Sullivan County (McGuire, S.), entered June 25, 2018, which, in a proceeding pursuant to SCPA article 22, among other things, directed respondent to pay petitioner's counsel fees.
In May 2012, Norma Blake Cook (hereinafter decedent) passed away, survived by her three grandchildren — petitioner, respondent and their brother, Andrew Cook. In her 2005 last will and testament, decedent bequeathed her farmhouse and personal property located at that property to petitioner, a separate parcel to respondent and Andrew Cook, and her residuary estate to the three siblings in equal shares. Petitioner, who lived next door to decedent, was named as executor. In 2008, decedent executed a durable power of attorney naming petitioner as her attorney-in-fact. Around that time, decedent was injured in a fall and hospitalized for several months before returning home to the farmhouse. At this point, petitioner assumed responsibility to attend to decedent's financial affairs. In September 2011, decedent deeded the farmhouse to petitioner and her husband, while continuing to live in the farmhouse. After decedent's passing, petitioner filed a petition to probate the will. Respondent filed objections, raising issues of testamentary capacity and undue influence on petitioner's part. Respondent also moved to disqualify petitioner as executor, claiming he was supposed to inherit a 50% interest in the farmhouse. By decision and order dated September 24, 2014, Surrogate's Court dismissed the objections and granted summary judgment to petitioner, admitting the will to probate.
Thereafter, in February 2015, petitioner filed a petition for judicial settlement of her estate accounting. Respondent again objected and moved to disqualify petitioner. In July 2016, Surrogate's Court denied the motion to disqualify, but directed petitioner to provide her personal bank records from May 2008 to the date of decedent's death. After extensive discovery, a hearing began on June 14, 2017 to address the validity of the accounting, with petitioner as the only witness to testify. The matter was continued to October 18, 2017, where the parties agreed to close the testimony and submit closing briefs for the court to "then make an ultimate, a final determination on the issue of dissipation, wasteful dissipation of estate assets for mismanagement and the issue of counsel [fees]." Finding that respondent failed to demonstrate that petitioner engaged in wrongful conduct to the detriment of the estate, the court denied respondent's request for counsel fees and ordered respondent to reimburse petitioner and the estate for legal and accounting fees. Respondent appeals.
We affirm. Whenever a party petitions "for judicial settlement of an account, the party submitting the account has the burden of proving that he or she has fully accounted for the entire estate" (Matter of DiGiovanna, 148 AD3d 699, 700 [2017]). The "evidentiary burden does not change in the event the account is contested" (Matter of Doman, 110 AD3d 1073, 1074 [2013], lv denied 23 NY3d 903 [2014]). However, "the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, [and,] upon satisfaction of that showing[,] the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (Matter of Gallagher, 81 AD3d 825, 825 [2011] [internal quotation marks and citation omitted]; accord Matter of DiGiovanna, 148 AD3d at 700; see Matter of Rudin, 34 AD3d 371, 372 [2006]; Matter of Curtis, 16 AD3d 725, 726-727 [2005]).
We recognize that petitioner did not maintain a contemporaneous written account of decedent's funds and unwisely converted significant funds to cash kept at the farmhouse or in her own home. That said, Surrogate's Court credited petitioner's testimony that she utilized decedent's funds only for decedent's needs so decedent could remain at home in the farmhouse — not for petitioner's own personal use — and we defer to that credibility assessment. We find unpersuasive respondent's contention that the court was required to draw an adverse inference against petitioner for potentially invoking the 5th Amendment relative to certain Medicaid planning — an issue that arose at the end of the first hearing day. When the hearing resumed on October 18, 2017, petitioner agreed to continue her testimony. At that juncture, the parties stipulated that no further testimony was necessary. Although there is divergent expert testimony as to the value of this estate, the record supports Surrogate's Court's finding that the value of the residual estate was about $45,000, which includes petitioner's voluntary payment of $20,388 back into the estate — ostensibly part of a $50,000 gift from decedent to petitioner in August 2011 to maintain the farmhouse. More particularly, this repayment represented farm expenses of $12,388 paid after decedent's passing and $8,000 based on a forensic accounting reconciliation. Not to be overlooked is the fact that petitioner cashed out a life insurance policy valued at $10,356 naming her as a beneficiary in order to prepay decedent's funeral expenses. On this record, we cannot say that Surrogate's Court abused its discretion in approving petitioner's accounting.
Surrogate's Court is authorized "to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested" (SCPA 2110 [1]; accord Matter of Albert, 137 AD3d 1266, 1269 [2016], lv denied 27 NY3d 910 [2016]). Given the history of this litigation, in which respondent raised baseless claims as to the validity of the will and no viable challenge to the validity of the farmhouse deed, and considering the outcome by which petitioner voluntarily returned $20,388 to the estate in an attempt to bring this litigation to an end, we cannot say that Surrogate's Court erred in rejecting respondent's claim for counsel fees or in awarding $15,000 in fees to petitioner and the estate (see Matter of Hyde, 15 NY3d 179, 186-187 [2010]). In his summation, respondent's counsel requested counsel fees based on exhibit No. 3 received into evidence, detailing fees and expenses from January 10, 2012 through May 26, 2017 of $70,761, and counsel's supplemental affidavit requesting an additional fee of $14,000 through December 22, 2017 for a total of $84,761. This sum is glaringly disproportionate to the residual value of the estate and the sum eventually recovered as a consequence of this proceeding. In his brief, respondent endeavors to qualify his fee demand, acknowledging that he is only seeking counsel fees and expenses based on the accounting proceeding — a sum totaling $39,473.29. Beyond the fact that respondent failed to make this argument before Surrogate's Court, respondent misses the point that he burdened this estate with protracted litigation for five years, with any gains to the estate effectively offset by the burdens imposed. Based on the Hyde factors, we conclude that the court acted within its discretion in rejecting respondent's counsel fee request, and in allotting the reasonable award to petitioner and the estate as against respondent (id.).
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.