Matter of Moore (2021 NY Slip Op 06691)





Matter of Moore


2021 NY Slip Op 06691


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2018-12706

[*1]In the Matter of Frank Moore, Jr., deceased. Eileen S. Kyne, petitioner-respondent; Michele Moore, objectant-appellant; Frank Moore III, respondent-respondent. (File No. 754/90)


Michele Moore, Huntington, NY, objectant-appellant pro se.
Stephen P. Kyne, Huntington, NY, for petitioner-respondent, and Craco & Ellsworth, LLP, Huntington, NY (Andrew C. Ellsworth of counsel), for respondent-respondent (one brief filed).



DECISION & ORDER
In a probate proceeding in which the trustee, Eileen S. Kyne, petitioned to judicially settle her final account, the objectant, Michele Moore, appeals from a decree of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), dated July 17, 2018. The decree, upon an order of the same court dated June 29, 2018, granting the motion of the respondent, Frank Moore III, for summary judgment dismissing the amended objections to the account and judicially settling the final account, judicially settled the final account.
ORDERED that the decree is affirmed, with costs payable by the objectant-appellant personally.
The decedent, Frank Moore, Jr., died in 1990. He was survived by his spouse, Elizabeth Moore (hereinafter Elizabeth), and two children, the objectant, Michele Moore, and the respondent, Frank Moore III (hereinafter the respondent). Under the terms of the decedent's will, a testamentary trust was created naming Elizabeth as the income and principal beneficiary, and leaving the remainder to the objectant and the respondent to share equally upon Elizabeth's death. Pursuant to the terms of the will, Eileen S. Kyne was named trustee, and letters of trusteeship were issued in January 1991.
Following Elizabeth's death, the will was admitted to probate and Kyne petitioned to judicially settle the final account of the trust for the period of July 1, 1991, through August 31, 2011. The objectant filed objections to the account, alleging, inter alia, that the trust was mismanaged and assets were missing. Subsequently, the objectant filed amended objections to the account setting forth similar allegations. The respondent moved for summary judgment dismissing the amended objections and judicially settling the final account. In an order dated June 29, 2018, the Surrogate's Court granted the respondent's motion. On July 17, 2018, the court issued a decree, upon the order, judicially settling the final account of the trust. The objectant appeals.
Contrary to the objectant's contention, the Surrogate's Court properly granted the respondent's motion for summary judgment dismissing the amended objections and judicially [*2]settling the final account of the trust. The evidence submitted in support of the motion established, prima facie, that the trustee fully accounted for all the assets of the trust (see generally Matter of DiGiovanna, 148 AD3d 699, 700), and that the accounting was accurate and complete. In opposition, the objectant failed to come forward with evidence sufficient to raise a triable issue of fact that the account was inaccurate or incomplete (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Matter of Addesso v Addesso, 131 AD3d 1053; Matter of Crane, 100 AD3d 626, 628-629).
The objectant's remaining contentions are without merit.
Accordingly, the Surrogate's Court properly granted the motion for summary judgment dismissing the amended objections to the final account and judicially settling the final account of the trust.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court