Matter of Holterbosch (2023 NY Slip Op 02517)

Matter of Holterbosch

2023 NY Slip Op 02517

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-05188

[*1]In the Matter of H. Dieter Holterbosch, deceased. Heidi Holterbosch, etc., respondent; Marylyn G. Barlow, objectant-appellant. (File No. 2016-392114/A)

Brewer, Attorneys & Counselors, New York, NY (William A. Brewer III of counsel), for objectant-appellant.
Farrell Fritz, P.C., Uniondale, NY (John J. Barnosky and Jaclene L. D'Agostino of counsel), for respondent.

DECISION & ORDER
In a proceeding to judicially settle the account of an executor, the objectant, Marylyn G. Barlow, appeals from a decree of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated May 21, 2020. The decree, inter alia, upon an order of the same court dated September 9, 2019, granting the executor's motion pursuant to CPLR 3211(a)(7) to dismiss the objections to the accounting, judicially settled the account, as supplemented.
ORDERED that the decree is affirmed, with costs payable by the objectant personally.
H. Dieter Holterbosch died on July 28, 2016. He was survived by his daughter Heidi Holterbosch (hereinafter the petitioner). The decedent's last will and testament, dated May 23, 2013, was admitted to probate and letters testamentary were issued to the petitioner on January 26, 2017. Pursuant to Article SECOND of the decedent's will, the residuary estate was devised to the petitioner, as trustee of the H. Dieter Holterbosch 2011 Revocable Trust.
The petitioner commenced proceedings to judicially settle the intermediate accounts of the estate and the trust for the period from July 28, 2016, through December 31, 2017. The stepdaughter of the decedent and half sister of the petitioner, Marylyn G. Barlow (hereinafter the objectant), filed objections to the accounts. By order dated September 9, 2019, the Surrogate's Court granted the petitioner's motion pursuant to CPLR 3211(a)(7) to dismiss the objections to the accounts. By order dated December 30, 2019, the court approved the first intermediate account of the petitioner, as executor of the estate, and directed that the petitioner file an affidavit bringing the account down to date. In a decree dated May 21, 2020, the court judicially settled the petitioner's account as executor, as supplemented. The objectant appeals.
"Under article 22 of the Surrogate's Court Procedure Act, fiduciaries such as executors and trustees have an obligation to account for their actions" (Matter of Hunter, 4 NY3d 260, 267). A fiduciary may voluntarily proceed to obtain formal judicial settlement of an account under SCPA 2208 (see Matter of Hunter, 4 NY3d at 267). Pursuant to SCPA 2208, "a fiduciary may present to the court his account and a petition praying that his account be judicially settled and that all necessary and proper parties be required to show cause why such settlement should not be had."
"In a proceeding to settle a fiduciary's account, 'the party submitting the account has the burden of proving that he or she has fully accounted for all the assets of the estate'" (Matter of Doman, 110 AD3d 1073, 1074, quoting Matter of Schnare, 191 AD2d 859, 860; see Matter of [*2]DiGiovanna, 148 AD3d 699, 700). "'While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete'" (Matter of Doman, 110 AD3d at 1074, quoting Matter of Schnare, 191 AD2d at 860; see Matter of DiGiovanna, 148 AD3d at 700).
On a motion to dismiss pursuant to CPLR 3211(a)(7), a court must afford the pleading a liberal construction, accept the facts alleged as true, accord the pleading the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Nevertheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373; see Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771). In an accounting proceeding, the petitioner's accounting and the objections thereto constitute pleadings of the parties and, as such, must be sufficiently particular to give the court and parties notice of the claim, objection, or defense (see SCPA 302; Matter of Curtis, 16 AD3d 725, 726).
Here, the petitioner established, prima facie, that the accounts were accurate and complete by filing the accounts and supporting affidavits; thus, the objectant bore the initial burden of coming forward with evidence demonstrating that the accounts were inaccurate or incomplete (see Matter of Rudin, 34 AD3d 371, 372; Matter of Curtis, 16 AD3d at 727). Contrary to the objectant's contention, the Surrogate's Court properly granted the petitioner's motion to dismiss the objectant's objections to the petitioner's accounts since the objectant failed to allege or evince any facts that would support a finding that the petitioner's accounts were inaccurate, incomplete, or otherwise should not have been judicially settled (see CPLR 3211[a][7]; SCPA 2208; see alsoMatter of Rudin, 34 AD3d at 372).
Accordingly, we affirm the decree, which judicially settled the petitioner's account as executor, as supplemented.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court