Matter of Duell (2024 NY Slip Op 01505)

Matter of Duell

2024 NY Slip Op 01505

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Moulton, J.P., Gesmer, Mendez, Michael, JJ. 

File No. 4835G/77, 4835H/77 Appeal No. 1883-1884 Case No. 2022-05387, 2023-00962 

[*1]In the Matter of the Estate of Manny E. Duell, Deceased.
Benjamin Duell, Respondent,
Andrew Duell, Appellant.

Wiggin and Dana LLP, New York (Steven B. Malech of counsel), for appellant.
Arnold & Porter Kaye Scholer LLP, New York (Peta Gordon of counsel), for respondent.

Decrees, Surrogate's Court, New York County (Rita Mella, S.), entered September 16, 2022, which judicially settled the accounts for (1) Fund B for the period April 1, 1997-December 31, 1998 and (2) the Fund B sub-trust for the benefit of Andrew Duell for the period January 1, 1999-December 1, 2011, unanimously affirmed, with costs.
The Surrogate properly granted petitioner Benjamin Duell (as executor of the will of Irene Duell)'s motion for summary judgment dismissing the objections of Andrew Duell to the accounts filed by their late mother, Irene. Although objectant raised a material issue of fact as to the accounts' accuracy and completeness based on his experts opinion that the item "Due from Duell LLC" is referred to as a principal and an asset and it decreases without explanation (see generally Matter of Schnare , 191 AD2d 859, 860 [3d Dept 1993], lv denied 82 NY2d 653 [1993]), petitioner ultimately showed, via the affidavit of a certified public accountant who had served as Duell LLC's accountant since 2011 and who was responsible for preparing the accountings, that "Due from Duell" was simply a carryover from the way the prior management company (of which objectant was in charge) kept its books and records, not a true receivable. Significantly, objectant's expert based his opinion solely on the accountings themselves; he did not look at the underlying books and records, which he stated was "beyond the scope of [his] engagement" to determine the origin of the Due from Duell receivable.
Surrogate's Court Procedure Act § 2309(4) clearly provides, "commissions payable from income for any given trust year shall be allowed . . . only from income derived from the trust during that year and shall not be supplied from income on hand in respect of any other trust year." It is undisputed that there is no income from the relevant years to pay objectant's commissions as co-trustee of his sub-trust.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024