**Matter of Asimov**

2024 NY Slip Op 31977(U)

June 4, 2024

Surrogate's Court, New York County

Docket Number: File No. 2018-759/B

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

New York County Surrogate's Court
DATA ENTRY DEPT.

JUN 0 4 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
Accounting by ERIC ASIMOV as the Executor
Of the Will of

        RUTH ASIMOV,
        aka RUTH SALZ,

DECISION

File no. 2018-759/B

Deceased.
-----------------------------------------------------------------------x
G I N G O L D, S .

The following papers were read in determining the motion:

|  | Papers Numbered |
|---|---|
| Notice of Motion – Affidavit in Support of Motion – Affirmation in Support – Exhibits – | 1-4 |
| Amendment to Affidavit in Support | 5 |
| Objections to Accounting | 6 |

In this contested accounting proceeding, Eric Asimov—the executor of Ruth Asimov's estate—moves pursuant to CPLR 3212 for summary judgment, to dismiss Daniel Asimov's objections to the accounting, and to judicially settle the account. No papers have been filed in opposition.

Background

By way of background, Ruth Asimov (hereinafter "decedent") died on February 18, 2018. Decedent was survived by her three children: Eric Asimov, Nanette Asimov, and Daniel Asimov. Decedent's last will and testament dated December 26, 1993, was admitted to probate on April 30, 2018. On November 21, 2022, Eric Asimov filed a petition to settle the estate's accounting for the period February 18, 2018, to October 27, 2022. Nanette Asimov consented to settling the account.

[* 1]

Daniel Asimov filed objections to the accounting.

Discussion

Summary judgment may be granted when it is clear that no triable issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that the movant is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*id.*).

In a contested accounting proceeding, the fiduciary has the burden of proving that all assets are accounted for and that the accounting is complete and accurate. (*Estate of Rudin*, NYLJ, Nov 2, 2005, at 28, col 5 [Sur Court, NY County], citing *Matter of Schnare*, 191 AD2d 859 [3d Dept 1993]). A fiduciary makes a prima facie showing when the fiduciary files the account with an affidavit attesting to its accuracy (SCPA § 2209). An objectant then bears the burden of coming forward with sufficient evidence to put the completeness and accuracy of the accounting into question (*Estate of Rudin*, NYLJ, Nov 2, 2005, at 28, col 5). An "objectant must come forward with more than mere conjecture and suspicion to support his allegation that there are assets for which the trustees have not accounted" (*id.*, citing *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Based on the papers considered, Eric Asimov has made a prima facie showing of entitlement to summary judgment (*see Alvarez*, 68 NY2d at 324). The evidence he provides in support of the motion, together with his affidavit, indicates that all of the decedent's assets are accounted for and the accounting is complete and accurate.

Eric Asimov avers that his paternal uncle, Isaac Asimov, gave the decedent approximately 287 personally autographed or inscribed copies of his books during his lifetime (Aff of Eric Asimov at ¶12; Amendment to Aff at ¶2). Eric Asimov avers that the books "were not owned by

2

[* 2]

[the decedent] and are not includable as estate assets" (Aff, of Eric Asimov at ¶13). He states, moreover, that when the decedent moved from her home in Long Island to a one-bedroom apartment in Manhattan, she gifted those volumes to Nanette Asimov (Aff, of Eric Asimov at ¶12). Eric Asimov further states that the final accounting accurately reflects the estate assets. He contends that the objections should be dismissed.

The objectant, Daniel Asimov, has not opposed the current motion. He has not come forward with any evidence to question the completeness and accuracy of the accounting.

Daniel Asimov's objections are dismissed as they are speculative and unsupported by any proof. He states, in sum and substance, that two complete sets of Isaac Asimov's books, which belonged to the decedent and which are valued at $475,000, were omitted from the estate's accounting. He offers no additional proof aside from his conjecture and suspicion. He states that he needs answers about the whereabouts of the books. The parties, however, were given ample opportunity to conduct discovery and have not done so despite an order dated September 20, 2023, in which this court scheduled discovery.

Eric Asimov's motion is granted.

Settle decree.

The Clerk of the Court is directed to send a copy of this decision to the parties listed below.

Dated: June 4th, 2024

_____
SURROGATE

Ronald V. Zezima, Esq.
rvzesq@aol.com
*Counsel for Exectuor, Eric Asimov*

Daniel Asimov
asimov@msri.org

3

*Objectant*

Nanette Asimov
nanetteasimov@gmail.com

4

[* 4]